405 So.2d 1216 (1981)
Larry G. BROOK
v.
LOUISIANA STATE UNIVERSITY, BATON ROUGE CAMPUS.
No. 14336.
Court of Appeal of Louisiana, First Circuit.
October 12, 1981.
*1217 Charles L. Spencer, Hebert, Moss & Broussard, Baton Rouge, for appellant.
William A. Norfolk, Taylor, Porter, Brooks & Phillipps, Baton Rouge, for appellee.
Laura D. Holmes, Civil Service Legal Counsel, Dept. of Civil Service, Baton Rouge, for George Hamner, Director of the Department of State Civil Service.
Before COVINGTON, COLE and WATKINS, JJ.
COVINGTON, Judge.
Appellant, Larry G. Brook, is a police officer employed by appellee, the Louisiana State University Campus Security. For alleged acts showing poor judgment and lack of discretion, appellant was demoted, given a reduction in salary, and reassigned to different duties. From this disciplinary action, he appealed to the Civil Service Commission, which affirmed the action. It is from the Commission's opinion that appellant now appeals.
The record reveals the following events which led to appellant's demotion. Officer McClain, appellant's colleague, and Mr. John K. Foley, of Rimes Wrecker Service, impounded an illegally parked car on the Louisiana State University campus in Baton Rouge, Louisiana, on August 31, 1979. Rimes Wrecker Service is under contract with the university. Mr. Foley and Officer McClain are regularly on campus every day, and both begin their workday at a Campus Security office.
When the owner of the impounded car retrieved it, a complaint was filed that the car had been damaged in towing. Two officers, Ed McWright and Harry Richardson, were dispatched to investigate the incident. After viewing the vehicle, they called appellant, their immediate supervisor, and told him of the incident and that Officer McClain had been involved. Although the testimony is conflicting as to who decided the point, appellant or the junior officers, the accident was initially classed as a "hit and run" because it had not been reported.
On September 4, 1979, appellant discussed the matter with his supervisor, Captain Swain, who ordered an investigation of the event. In the afternoon of that same day, appellant observed Mr. Foley, the wrecker driver, after Mr. Foley's regular working hours, proceeding eastbound on South Stadium Road at Louisiana State University. Appellant, traveling in the opposite direction, turned around and followed Mr. Foley. A stop was finally effected several *1218 miles from the university campus in heavy traffic near a congested intersection of the interstate highway system. Appellant claims that this was the first opportunity he had to make a convenient stop. This action was taken in spite of appellant's knowledge that Mr. Foley was consistently on campus each day.
Appellant proceeded with his investigation of the "hit and run" accident, of which Mr. Foley denied all knowledge. Mr. Foley was asked to step back to the patrol car, which was parked behind the wrecker on the outside emergency lane of the interstate highway. At that time, Mr. Foley's ten year old daughter was in the wrecker, unattended. Appellant gave Mr. Foley his "Miranda warning" and allowed the suspect to sit in the patrol car with the door open during interrogation.
Appellant used his patrol car radio to request information from Officer McWright, the primary investigating officer. That call was overheard by a Campus Security detective unit which was in the vicinity. Shortly after the investigative stop began, this detective unit arrived at the scene of the stop; and the detectives were advised of the investigation. At that time, Mr. Foley's daughter was out of the wrecker and had walked back to the patrol car. There, she was safeguarded by the several adults. After questioning, Mr. Foley was released with directions to report the next morning to Officer Christophe, one of the detectives.
The total time Mr. Foley had been detained was twenty-seven minutes, according to police radio logs, including the time spent in non-interrogation matters and in discussion with the detectives. The next morning, Mr. Foley and his employer filed complaints of "false arrest" with the university.
As a result of the above sequence of actions, appellant was notified that he was being demoted, that his salary was being cut, and that he was being assigned to different duties. His superiors deemed that his actions constituted violations of constitutional safeguards and violations of his jurisdictional authority, exhibited poor judgment for a line supervisor of appellant's rank, and represented conduct totally unbecoming a police officer.
The appeal from the Commission's affirmance of that disciplinary action specifies three errors.
1. That the Commission violated Chapter XII, Section 19, Subsection (m) of the Civil Service Commission Rules by receiving and relying on evidence that enlarged the charges against appellant thereby prejudicing appellant's defense;
2. That the opinion contains misstatements of fact of record and assumptions of fact not of record which prejudice appellant; and
3. That the Commission erred in finding that the appointing authority carried its burden of proof as required by Louisiana Civil Service Commission Rule 13.19(c) and in holding appellant's demotion reasonable, based on the evidence presented.
Regarding specification of error one, appellant argues that evidence was improperly offered and introduced at the Commission hearing dealing with events that occurred on September 4, 1979. He contends that the notice of demotion specified that he was being disciplined because of events that happened on September 5, 1979 and that his defense was prejudiced by the introduction of evidence of the events of September 4.
It is evident from the record that the date error, the 5th being stated rather than the 4th, is directly attributable to the appellant's own error. The "hit and run" happened on the 31st of August. He talked with his supervisor about the incident on the 4th of September and later pursued the wrecker driver on that same day. His report of the chase incident, which occurred on the 4th, was marked in his own handwriting as having occurred on the 5th of September. In any event, the notice of demotion gave ample specifics of the exact events in question to allow a defense in that they completely outlined the events of the 4th, although the date of September 5, 1979 had been adopted and used by error because *1219 of appellant's own report. We see no harm done to appellant in this regard as he was fully aware of the charges, the background information, and the circumstances. We find this error to be attributable to appellant and completely harmless.
In specifications of error two and three, appellant complains that the opinion rendered by the Commission is factually incorrect and that it erred in finding that the appellee carried its burden of proof.
Our scope of review of the Commission's decision extends to both the law and the facts. La.Const. Art. 10, § 12. The scope of review in such cases is the same as that in any other civil case. The findings of fact made by the Commission must be accorded much weight and will not be overturned in the absence of manifest error. Petrus v. Guin, 378 So.2d 1016 (La.App. 2 Cir. 1979); Brown v. L.H.H.R.A., 346 So.2d 758 (La.App. 1 Cir. 1977).
The Commission found that the appellant was not acting as an officer should act. Further, it found that the appointing authority was reasonable in disciplining appellant.
After a careful review of the record, we agree with the findings of the Commission. Appellant exceeded the bounds of reasonable action under the circumstances. He knew that he could find Mr. Foley on a daily basis at or near his own office. In spite of this knowledge, he pursued Mr. Foley and stopped him in a dangerous place and at a time when traffic was congested and stopping was hazardous. The actions for which he was disciplined were totally unnecessary and showed poor discretion and judgment, considering the minor nature of the initial accident and the fact that Mr. Foley was always readily available.
For the foregoing reasons, we affirm the opinion of the Civil Service Commission. Appellant is to pay all costs of this appeal.
AFFIRMED.