423 So.2d 718 (1982)
DEPARTMENT OF CULTURE, RECREATION AND TOURISM, Office of Tourism
v.
Myra F. PEAK.
No. 82 CA 0035.
Court of Appeal of Louisiana, First Circuit.
November 16, 1982.
*719 A. Kell McInnis, III, Asst. Atty. Gen., Dept. of Justice, Baton Rouge, for appellant.
Floyd J. Falcon, Jr., Avant & Falcon, Baton Rouge, for appellee.
Robert R. Boland, Jr., Civil Service Gen. Counsel, Dept. of State Civil Service, Baton Rouge, for George Hamner, Director, Dept. of State Civil Service.
Before PONDER, SAVOIE and ELLIS, JJ.
SAVOIE, Judge.
The Department of Culture, Recreation and Tourism appeals a decision of the Civil Service Commission rendered in favor of Myra F. Peak and ordering her reinstated within the Department. The Department specifies as error the Commission's failure to grant its motion for summary disposition, several findings of fact made by the Commission, and the award of attorney's fees.
We hold the Commission did not err in denying the motion for summary judgment. Further, we conclude there existed no manifest error on the part of the Commission in its conclusions of fact and the award of attorney's fees.
Ms. Peak was a probational employee for the Department when she was terminated by Mrs. Lawrence Fox, Secretary of the Department. Mrs. Fox's reason for terminating Ms. Peak was that Ms. Peak's performance did not meet the standards of the position as required by the Department. Ms. Peak appealed, alleging, among other things, discrimination and that her termination was based on political and non-merit factors. The Department filed a motion for summary disposition which was denied. At a hearing on the merits before the Civil Service Commission, the Commission made thirteen findings of fact and concluded that Ms. Peak sustained her burden of proving the discrimination was based on non-merit factors and ordered her reinstated. Further, the Commission determined the Department was grossly unreasonable in its action and awarded Ms. Peak $500 in attorney's fees.
The Department first alleges that the Commission erred in failing to grant its motion for summary disposition. It claims that Ms. Peak's notice of appeal fails to set forth any definitive allegations of discrimination as required by Civil Service Rule 13:11(d).[1] The notice of appeal alleges that *720 Ms. Peak was terminated for political or non-merit factors. In support thereof, the notice sets out a sequence of events evidencing that Ms. Peak was terminated by a person not in a position to evaluate her job performance and that those persons in a position to do so were satisfied with her work. Further, it states that Director of the Office of Tourism refused to sign the letter of termination and, in contrast thereto, had previously signed the papers to make Ms. Peak's appointment permanent. In light of the foregoing, the Commission did not err in denying the motion for summary judgment.
In specifications of error two and three, the Department complains that the Commission erred in several findings of fact. The scope of review in Civil Service cases is the same as that in any other civil case. The findings of fact made by the Commission must be accorded much weight and will not be overturned in the absence of manifest error. Brook v. Louisiana State University, Baton Rouge Campus, 405 So.2d 1216 (La.App. 1st Cir.1981); Department of Public Safety, Office of State Police v. Rigby, 401 So.2d 1017 (La.App. 1st Cir.1981), writ denied, 406 So.2d 626 (La.1981).
The Department contends that the Commission erred in concluding that Ms. Peak supervised 60-65 employees. Further, it claims the Commission erred in determining that the reports concerning Ms. Peak's telephone demeanor constituted non-merit information. We find no manifest error on the part of the Commission as the evidence supports these factual determinations.
In its fourth specification of error, the Department claims the Commission erred in finding that the terminology used as the reasons for removal was improper. This assignment of error is without merit. Absent from the Commission's opinion is any finding as to the terminology used as the reasons for removal. However, the Commission did state that implicit in the reading of Civil Service Rule 9 (particularly 9.1(a) and (e))[2] are the expectations that: (1) the dismissal or retention of the probationary employee be based upon the results of the examination process; and (2) the reasons stated for the dismissal are the true reasons. In this instance, the Commission concluded that neither of these circumstances existed in the termination of Ms. Peak.
Lastly, the Department asserts that the Commission erred in finding the Department was grossly unreasonable in its action, and in awarding attorney's fees therefor. The reasonableness of the Department's action is a factual determination to be made by the Commission. It will not be disturbed by the reviewing court absent manifest error. Brook, supra. We find no evidence in the record to indicate that this determination is manifestly erroneous. In fact, there is ample evidence in the record to support this finding.
The authority for the awarding of attorney's fees in this instance is found in L.S. A.-R.S. 42:1451. It provides:

*721 "In any appeal under Article X Section 8 of the constitution by an employee in the classified state civil service to overturn any action by the department or agency employing him in which the decision to take the action is overruled and such decision is found to be unreasonable, the Civil Service Commission shall order the department or agency to pay reasonable attorneys' fees incurred by the employee in appealing the action."
Article X, Section 8 of the constitution states that no classified employee shall be discriminated against because of his political or religious beliefs, sex or race. In her appeal, Ms. Peak alleges she was discriminated against in that her firing was based on political and other non-merit factors. Therefore, the Commission did not err in awarding attorney's fees to Ms. Peak.[3]
For the foregoing reasons, the opinion of the Civil Service Commission is affirmed. Appellant is to pay all costs of this appeal.
AFFIRMED.
NOTES
[1] "13.11 Request for Appeal.

"A notice of appeal must
* * * * * *
"(d) Contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal. Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail. The specific facts required will vary depending on the nature of the appeal; however, the facts must be alleged in sufficient detail to enable the agency to prepare a defense. A conclusion of discrimination is not sufficient. The types of facts which must be included are:
1. the date, time and place the discriminatory action took place;
2. the name of the person or agency alleged to have taken the discriminatory action;
3. a description of how appellant's action, conduct or performance was the same as that of other persons who were treated differently;
4. the names of other persons treated differently and the dates the different treatment occurred;
5. a description of events, including the dates and circumstances thereof, which led appellant to believe that the adverse decision was based on his religious or political beliefs, sex, race, or any other non-merit factor."
[2] "9.1 Probationary Period.

"(a) The following appointments shall be made for a probationary period of six months following appointment:
* * * * * *
"The probationary period shall be an essential part of the examination process and shall be utilized for the most effective adjustment of a new employee and for the elimination of any probationary employee whose performance does not meet the required standard of work.
* * * * * *
"(e) A probationary employee may be removed by the appointing authority at any time, provided that the appointing authority shall furnish the Director reasons therefor in writing."
[3] In Ms. Peak's brief, she requests an increase in the amount of attorney's fees awarded. As she has neither appealed the Commission's decision (La. Const. Art. V, Sec. 12), nor answered the Department's appeal (C.C.P. 2133), the modification sought is not properly before the court for disposition.