SAVOIE, Judge.
Appellant, Charles Johnson, appeals the Civil Service Commission’s failure to award attorney’s fees in Civil Service Commission Docket Number 3135 and our Number 83 CA 1007. Further he appeals the Commission’s decision upholding his dismissal by appellee, Department of Health and Human Resources, Southeast Louisiana State Hospital, in Civil Service Commission Docket Number 3163 and our Number 83 CA 1008.
Appellant was employed as a Barber I at Southeast Louisiana Hospital and was serving with permanent status at the time of his termination. He was suspended from January 5, 1982, through January 18, 1982. *138 A letter, dated January 11, 1982, was written informing appellant of his suspension. Appellant never received this letter. He filed a notice of appeal on February 1, 1982. The appeal was docketed as Number 3135 on the Civil Service Commission Docket.
On January 4, 1982, appellant was hand delivered a letter from the hospital informing him that the Barber I position was to be abolished, effective January 29, 1982. As a result, he was to be laid off on that date. He was also offered another position at the hospital. This was followed by a letter dated January 25, 1982, reminding him of the layoff and mentioning other positions that were available, some of which offered more opportunities for advancement than the Barber I position. Appellant filed a notice of appeal on February 16, 1982. The appeal was docketed as Number 3163 on the Civil Service Commission docket.
ACTION OF REFEREE AND CIVIL SERVICE COMMISSION
A public hearing was conducted on July 9, 1982, before a referee appointed by the Civil Service Commission. The two appeals were consolidated for the hearing. At the hearing, appellant requested summary disposition of his suspension (# 3135) and ap-pellee requested summary disposition of the layoff appeal (# 3163). On December 17, 1982, the referee granted both requests for summary disposition. On June 10, 1983, the Civil Service Commission upheld the referee’s decision. Appellant appeals the Commission’s ruling in both matters. In # 3163, he appeals his layoff; in # 3135 he appeals the hearing officer’s failure to award attorney’s fees.
ASSIGNMENTS OF ERROR
Appellant contends that the Civil Service Commission erred in:
1. failing to award attorney’s fees in No. 3135;
2. granting the employer’s motion for summary disposition;
3. concluding that the appeal in No. 3163 was not timely filed; and
4. concluding that an appeal filed February 16, 1982, from an action effective January 29, 1982, was untimely.
I.
Appellant alleges that the Civil Service Commission erred in failing to grant attorney’s fees in #3135. The basis of this argument is L.S.A.-R.S. 42:1451[1] which states that the Commission shall grant attorney’s fees when the appointing authority’s actions are found to have been unreasonable. He argues the appointing authority’s actions were unreasonable because the Commission found the rules regarding suspensions had been violated.
The record shows that on January 4, 1982, appellant was verbally notified that he was suspended for ten working days. A letter dated January 11, 1982, confirmed the verbal suspension, but it was never received by appellant. Appellee could not prove that the letter had been mailed. The Commission overturned the suspension simply because appellee could not prove that appellant had ever been sent written notification of the suspension.
The sole question before us is whether the suspension was unreasonable. The record does not support such a conclusion. The record does reflect that the suspension was fatally defective because written notice as required by Civil Service Rule 12.-2(a) was never mailed as required by Rule 12.3(b).
The determination of the reasonableness of the appointing authority’s ac *139 tion is a factual determination to be made by the Commission. The Commission’s finding will not be disturbed by the reviewing court absent manifest error. Department of Culture, Recreation and Tourism v. Peak, 423 So.2d 718 (La.App. 1st Cir.1982). There is no evidence in the record which indicates that the determination is manifestly erroneous. Therefore, the Commission was not required to award attorney’s fees. Further, there is no indication in the record that attorney’s fees were requested at the hearing or that any evidence was presented to establish grounds for an award. This assignment of error is without merit.
II, III, IV.
The three remaining assignments of error will be considered together. The issue basic to all three is whether appellant received notice of the layoff by the letter of January 4,1982, or by the letter of January 25, 1982. The timeliness of the appeal (filed on February 16, 1982) hinges upon the resolution of that issue.
The January 4th letter stated that a request had been made and approved to eliminate the Barber I position effective January 29, 1982. It further advised appellant that his employment as Barber I would terminate on that date. Finally, appellant was offered a position as Hospital Security Officer I.
The scope of review of a Civil Service Commission decision extends to both the law and the facts. La. Const, art. 10, § 12. The standard of review of decisions of the Commission is the same as that in any other civil case. Thus, the findings of fact of the Commission must be afforded great weight and will be upheld absent manifest error.” Lambert v. Department of Corrections, Louisiana Correctional and Industrial School, 451 So.2d 1340 (La.App. 1st Cir.1984).
After the hearing, the referee found that the January 4,1982 letter notified appellant of the layoff. Since an employee has thirty days from the date of notification to appeal, the appeal filed on February 16,1982, was untimely. The Commission agreed with that finding. The evidence supports the finding of the Commission. We agree with the conclusions of the Commission regarding the January 4, 1982 letter. We attach hereto as Exhibit “A” a copy of that letter because the letter itself defeats appellant’s argument. The January 25, 1982 letter was merely a fóllow-up letter sent because appellant had failed to indicate whether he was interested in another position as requested by the first letter.
For the above and foregoing reasons, the decision of the Commission is affirmed. All costs are to be paid by appellant.
AFFIRMED.

*140

. L.S.A.-R.S. 42:1451
In any appeal under Article X Section 8 of the constitution by an employee in the classified state civil service to overturn any action by the department or agency employing him in which the decision to take the action is overruled and such decision is found to be unreasonable, the Civil Service Commission shall order the department or agency to pay reasonable attorneys’ fees incurred by the employee in appealing the action.