LANIER, Judge.
This is an appeal by a classified state employee which contests a proposed layoff action by the employing state agency. A State Civil Service Commission (Commission) Referee dismissed the appeal as untimely. The Commission denied the employee’s application to review the Referee's decision, and the decision of the Referee became the decision of the Commission. The employee then appealed to this court.
FACTS
In August of 1986, Thomas M. Lascala was employed as a Supervisor III with the Board of Commissioners of the New Orleans City Park Improvement Association (City Park). By letter dated August 25, 1986, City Park advised Lascala “that due to budgetary reductions, City Park must reduce the amount of money being expended in employee salaries in order to avoid a deficit” and, pursuant to Civil Service Rules, Lascala was offered the position of Park Attendant II at a salary of $5.54 per hour, which position was “the highest available position in lieu of layoff.” Lascala was advised, in pertinent part, that if he rejected this offer he would be laid off effective October 31,1986, and if City Park did not hear from him by October 1, 1986, City Park would assume he rejected the offer. Lascala rejected the offer on August 26, 1986.
By letter dated September 19, 1986, City Park offered Lascala the position of Gardener at a salary of $6.44 per hour. In all other respects, the terms of this letter were the same as those of the letter dated August 25, 1986.
By letter dated October 16, 1986, postmarked October 17, 1986, and received by the Commission on October 20, 1986, Las-cala,[1] through retained counsel, appealed City Park’s actions asserting “his demotion from Supervisor III is not based on budgetary reductions as alleged....” The Referee found as a fact that Lascala learned of his planned layoff on August 26, 1986, and dismissed the appeal as untimely with the following rationale:
Appellant's letter attempts to appeal a layoff. Appellant had thirty (30) days from the date he learned of the action complained about to file an appeal. He *480 allowed his time to file an appeal to elapse. Johnson v. Department of Health and Human Resources, 458 So.2d 137 (La.App. 1st Cir.1984).
TIMELINESS OF APPEAL
Lascala contends the Referee and the Commission erred in finding that Lascala’s appeal was untimely. Lascala asserts the Johnson case is distinguishable from the instant case, the letter of September 19, 1986, superseded the letter of August 25, 1986, and started the running of a new appeal period, and the running of the appeal period time was suspended pursuant to the doctrines of contra non valentem and equitable estoppel.
In Johnson, the employee was advised on January 4, 1982, that his position of Barber I was being abolished effective January 29, 1982. The employee was offered a demotion to the position of Hospital Security Officer I in lieu of layoff. By a letter dated January 25,1982, the employee was reminded of the layoff and told of other positions that were available. The employee filed a notice of appeal on February 16, 1982. The Referee found that the January 4, 1982 letter notified the employee of the layoff and held the appeal was untimely. This court affirmed that ruling and held that the January 25, 1982 letter was not relevant to the commencement of the period for taking the appeal because it “was merely a follow-up letter sent because appellant had failed to indicate whether he was interested in another position as requested by the first letter.” Johnson, 458 So.2d at 139.
The instant case is distinguishable from Johnson in two respects: (1) Lascala rejected the first offer made to him and Johnson did not, and (2) the second letter sent to Lascala was a new offer, whereas the second letter sent to Johnson was merely a follow-up. These distinctions are significant and require a different result. Had City Park not made a second (and different) offer to Lascala, Johnson would be controlling. However, the second offer herein was clearly a new and different proposal from that initially made. In this factual posture, the second offer superseded the first offer, and a new time period for taking an appeal was commenced.[2] The appeal herein was timely.
This assignment of error has merit.
*481 DECREE
For the foregoing reasons, the rulings of the Referee and the Commission are reversed, the appeal is reinstated, and this appeal is remanded to the Referee for further proceedings. City Park is cast for the cost of this appeal of $110.
REVERSED AND REMANDED.

. Civil Service Rule 13.12(a) provides as follows:
No appeal shall be effective unless a written notice complying with the requirements of Rule 13.11 is either (i) received in the office of the Director of the State Department of Civil Service at Baton Rouge, Louisiana, or (ii) is addressed to the Director of the State Department of Civil Service at Baton Rouge, Louisiana, with proper postage affixed, and is dated by the United States Post Office.
1. Within thirty (30) calendar days after the date on which appellant received written notice of the action on which the appeal is based when written notice before or after the action is required by these Rules; or
2. Within thirty (30) calendar days after the date when appellant learned or was aware that the action complained of had occurred when no written notice is required by these Rules or, if required, was given tardily or not at all.

.Civil Service Rule 17.17 provides as follows:
Displacement Rights of Permanent Employees. Subject to the following provisions, a permanent employee who is affected by a layoff has the right to displace another employee who occupies the same, an equivalent, or lower class position and is in the organizational unit(s) and geographic area(s) affected by a layoff. An employee who displaces another, must meet the class qualifications for the position involved. A part-time permanent employee may displace only other part-time permanent employees.
(a) A permanent employee affected by a layoff shall have the right to displace, subject to subsection (c) of this rule, permanent employees with less State service. Regardless of length of State service, a permanent employee who meets the class qualifications shall always have the right to displace a provisional or probationary employee.
(b) Within each affected class, employees with the least total State service shall be displaced first.
(c) Subject to Rule 17.18, offers of displacement to occupied positions for which the employee qualifies shall be made by the appointing authority in the following manner and order:
1. All offers shall be made with a minimum reduction in pay range.
2. Preference in making offers shall be given by length of State service with first preference being given to those affected employees with the most State service.
3. The first offer shall be to a position in the same class, if such a position is available.
4. The second offer shall be to a position in an equivalent class in the employee’s career field, if such a position is available.
5. The third offer shall be to a position in the next lower available class in the career field, or the highest class outside the career field occupied by a probationary or provisional employee, if such positions are available. The employee may choose if two offers exist under this provision.
6. Offers to displaced employees may cease when the first available offer listed above is accepted or declined by that employee.
7. If the employee declines or if no offers are available, the employee(s) is subject to layoff.
If the date of receipt of the first offer is held to commence the period of time to appeal a layoff, then a classified employee can only make an informed decision on whether to accept a second or third offer, or take an appeal, if the second or third offers are made within the first thirty day period; otherwise, the second or third offer would be made after the appeal period had *481 expired, and the appeal option would be no longer available.