ELLIS, Judge:
This case is before us on remand from the Supreme Court, 399 So.2d 209, with instructions to decide the case on its merits. The relevant facts, as expressed in our former opinion, 393 So.2d 247, are as follows:
“On May 19 or 20,1979, while on duty at the front desk at Troop K, Sergeant Ronald Leger injured his back when he fell while attempting to sit down. By September 7, 1979, he was unable to work because of the pain in his back, despite conservative medical treatment, and went on sick leave. On September 18,1979, he formally applied for disability retirement. “Pursuant to the application, an appointment was arranged with Dr. Herbert K. Plauche, whose instructions were as follows:
‘Our retirement regulations require an in-depth report, in layman’s terms, of your diagnosis and your opinion as to whether this individual should be retired on disability retirement in his *966 position as a State Trooper. Additionally, we will require a qualification as to whether this injury is duty related or a non-duty related injury.’
“After examining Sergeant Leger, Dr. Plauche reported that he was disabled to perform his occupational duties and ‘in all probability that this is a job-related disability.’
“The only other evidence of Sergeant Leger’s physical condition in the record is the opinion of his personal physician, which is in accordance with that of Dr. Plauche.
“On November 28, 1979, the State Police Retirement Board met and denied Sergeant Leger’s request ‘for a 75 percent job-related disability retirement.’ No reasons were given for the action.
“Thereafter, Sergeant Leger applied for judicial review of the action of the Board. The review, which was based on the record before the Board, resulted in a finding that Sergeant Leger was disabled, that his disability was ‘work related’ and that he was entitled to 75 per cent disability retirement. From the judgment of the trial court, the Board has appealed.”
In this court, no question is raised as to Sergeant Leger’s total disability, which is now conceded, so that the only substantive question before us is whether plaintiff is entitled to a 75 per cent retirement.
The Board further contends that the trial judge applied an improper standard of review when he found the ruling of the Board to be “erroneous.” R.S. 49:964.G. provides as follows:
“The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
“(1) In violation of constitutional or statutory provisions;
“(2) In excess of the statutory authority of the agency;
“(3) Made upon unlawful procedure;
“(4) Affected by other error of law;
“(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
“(6) Manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge of the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues.”
In this case, the trial judge was called on to review the question of disability as well as the question of the amount of the pension. Disability is generally a question of fact, and a standard of “manifest error” is applicable. The question of the amount of the pension is one of mixed law and fact and both “manifest error” and “error of law” may be involved. The court made a finding of disability, the correctness of which is apparent from the face of the record, and a finding of the Board to the contrary would be “manifestly erroneous.” Plaintiff’s total disability is now conceded, so that no review of this finding is necessary.
As to the question of the amount of the pension, R.S. 40:1428.B.(2), as amended by Act 727 of 1978, provides as follows:
“In case of total disability resulting from injury received in the line of duty, a monthly pension of seventy-five percent of his average salary shall be paid to the disabled employee under the provisions of this Subpart.”
The Board takes the position that the phrase “line of duty” refers to the extra hazardous activities which a state police officer may be required to execute, and not to routine office procedures • such as plaintiff was engaged in when he was injured. No legal basis is offered in support of this interpretation of that phrase, other than the ex post facto amendment of R.S. 40:1428.B.(2) to so provide.
*967 However, we note from Dr. Plauche’s instructions from the Board that he was asked to say if the injury received by plaintiff was duty related or non-duty related. This is somewhat at variance with their current position. Webster’s Third New International Dictionary defines “line of duty” as:
“all that is authorized, required, or normally associated with some field of responsibility (as of a policeman, fireman or soldier) — used esp. in connection with assessment of responsibility for or classification of sickness, injury, or death of persons subject to a line of duty.”
We find that the ordinary significance attached to “line of duty” would include the activities being carried out by plaintiff as well as extra hazardous duties, and we so interpret the statute. Articles 14, 15, Civil Code. The trial court correctly determined that plaintiff was entitled to a 75 per cent pension under R.S. 40:1428.B.(2).
The Board correctly argues that, under the provisions of R.S. 42:703.E., plaintiff is entitled to draw his pension benefits from the filing date of his application for disability retirement, or from the day following the exhaustion of all sick leave or annual leave, whichever is later. The judgment will be amended accordingly.
The judgment appealed from is therefore amended so as to provide that payment of pension benefits will begin as of September 18, 1979, the date of plaintiff’s application for retirement, or from the day following the exhaustion of all sick leave or annual leave claimed by plaintiff, whichever is later, and, as amended, it is affirmed, at defendant’s cost.
AMENDED AND AFFIRMED.