446 So.2d 886 (1984)
Lonnie S. DIDIER, et al.
v.
DEPARTMENT OF STATE CIVIL SERVICE.
No. 83 CA 0340.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
Richard C. Cadwallader, A Professional Law Corp., Baton Rouge, for appellants.
Robert R. Boland, Jr., Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for appellee.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
Lonnie S. Didier and twenty-five other appellants are all employees of the Monitoring *887 and Evaluation Section (MES) and the Resource Development Section (RDS) of the Office of Human Development of the Louisiana Department of Health and Human Resources.
Beginning in September of 1979, appellants sought, using Civil Service procedures, to effect changes in their employee classes, titles and salaries so as to coincide with wholesale similar changes effected on behalf of other Office of Human Development employees.
On May 8, 1981, appellants were granted changes in their various positions and titles, effective March 24, 1981, by the Department of Civil Service. Appellants' request that their new classifications and pay be made retroactive to September 1, 1980, was initially rejected but was later agreed to by George Hamner, Director of the State Department of Civil Service, subject to the availability of funds. On November 12, 1981, the State Interim Emergency Board made said funds available. Subsequently, on February 4, 1982, Allen Reynolds, acting Director of the State Department of Civil Service, George Hamner having retired, refused to disburse the available funds on the ground that Civil Service had no authority to do so.
Claiming discrimination, Mr. Reynolds' February 4 decision was appealed to the Louisiana State Civil Service Commission whereupon the Department of State Civil Service moved for summary disposition, urging that appellants had failed to allege discrimination with the specificity required by Civil Service Rule 13.11(d). Following a hearing conducted and treated as based on a peremptory exception of no cause of action, the Louisiana Civil Service Commission, by a plurality of three to two with two other members not participating, issued an opinion dismissing appellants' case for failing to allege discrimination with the specificity required by Rule 13.11(d). The present appeal followed.
In this court, the only issue is whether or not appellants alleged discrimination with sufficient specificity to satisfy Civil Service Rule 13.11(d). Essentially, we must determine whether appellants have stated a cause of action under Rule 13.11(d).
Rule 13.11(d) provides in pertinent part:
"A notice of appeal must
* * * * * *
(d) Contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal. Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail...."
Appellants' letter of appeal sets forth, in great detail, the entire chronology of this matter. In addition, some thirteen documents, comprising relevant materials necessary to support appellants' allegations of discrimination, are attached to said letter.
The peremptory exception of no cause of action, LSA-C.C.P. Art. 927(4), tests the legal sufficiency of a petition. For deciding such an exception, all well pleaded allegations of the petition, as well as those appearing from annexed documents, must be taken as true. If a petition states a cause of action as to any ground, the exception must be overruled and any doubt as to the sufficiency of the petition must be resolved in favor of the plaintiff. Haskins v. Clary, 346 So.2d 193 (La.1977); Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975); Godwin v. East Baton Rouge Parish School Board, 372 So.2d 1060 (La.App. 1st Cir.1979), writ denied 373 So.2d 527 (1979).
In its opinion, the Civil Service Commission majority stated:
"Appellants allege in great detail the circumstances concerning the personnel package for MES and RDS. Appellants allege that recommendations concerning their positions were submitted to the Department of State Civil Service on March 26, 1980, in June of 1980 and on August 27, 1980. They allege that tentative specifications were completed by the Department of State Civil Service on February 19, 1981, and were sent to the Department of Health and Human Resources *888 for further action. They also allege in detail what happened thereafter. However, appellants provide no facts concerning the establishment of the new classes for the Division of Evaluation and Services (DES) other than that their new classes were approved retroactive to August 27, 1979. Appellants do not state when the DES package was submitted to the Department of State Civil Service, when the tentative specifications for the DES positions were completed or when interim approval was granted for the DES classes. Thus, there is no factual basis alleged in the notice of appeal upon which the Commission could conclude that appellants were treated differently from other employees of DES."
In contrast to the majority, the dissenting Commission members opined that:
"In the request for appeal, appellants allege that the recommendations for the establishment of the new classes were all part of one package. Appellants also alleges [sic] that the new classes for employees of the Division of Evaluation and Services were established retroactively but that the new classes established for their positions were not established retroactively. The undersigned Commissioners conclude that discrimination was properly alleged and would deny the Request for Summary Disposition and would refer this appeal to a hearing on the merits."
We agree with the dissent. A reading of the record, consisting in great part of appellants' pleadings and attachments, clearly shows that appellants, while not wording their appeal most artfully, have claimed discrimination on several grounds, albeit somewhat repetitive:
1. That for the Department of State Civil Service to select March 24, 1981, rather than September 1, 1980, as the date for appellants' class, title, and pay increases was discriminatory in comparison to treatment afforded other Office of Human Development employees;
2. That delaying appellants' class, title, and pay increases for the period from September 27, 1979, until April 9, 1981, was discriminatory in view of the treatment afforded other Office of Human Development employees;
3. That approving other Office of Human Development employees for new classes and salaries retroactive to August of 1979 but for denying same to appellants was discriminatory;
4. That having reclassified appellants, it is discriminatory not to award back pay to the date on which their additional duties commenced; and
5. That to withhold retroactive pay already granted is discriminatory.
Citing Mayeaux v. Department of State Civil Service, 421 So.2d 948 (La.App. 1st Cir.1982), as being on all fours with the present case, the Civil Service Commission urges that we affirm their dismissal of appellants' case. Aside from the fact that the sufficiency of each petition must be tested by its own language, and aside from the fact that appellants have provided massive, albeit not exhaustive, facts and documents to buttress their allegations, we would point out Thoreson v. Department of State Civil Service, 433 So.2d 184 (La. App. 1st Cir.1983), as being more on point.
In Thoreson, the Department of Civil Service, while seeking a rehearing, urged via exception that this court did not have subject matter jurisdiction to review cases in which the Civil Service Commission used its legislative and executive powers to entertain appeals. Judge Shortess, in denying the exception specifically noted that the Civil Service Commission could, pursuant to Rule 13.10(e), hear the appeal of any classified person alleging discrimination by the application or change of a pay plan.
In the present case, Lonnie S. Didier and the other appellants have alleged discrimination based on, among other things, the application or change of a pay plan (the nonpayment of retroactive pay). Clearly, appellants have specified their allegations sufficiently to satisfy Civil Service Rule 13.11(d).
*889 We do not speculate on the outcome of appellants' case. We merely hold that appellants are entitled to their day in court, before the Civil Service Commission, on the merits.
For the foregoing reasons, the opinion of the Louisiana State Civil Service Commission is reversed and the case is remanded for a hearing on the merits with costs to be assessed after final determination.
REVERSED AND REMANDED.