GROVER L. COVINGTON, Chief Judge.
This is an appeal by the Department of Transportation and Development (DOTD) from a decision of the State Civil Service Commission holding that DOTD had discriminated against the classified employee, Ruth Gabour, in changing her duty station in retaliation of her request for an investigation of certain official actions taken by the District Administrator of the agency in which she was employed.
The decision of the Commission was based on the hearing examiner’s opinion which concluded that the appointing authority abused its discretion under Civil Service Rule 8.16(c)[1] in transferring Ruth Gabour to the Preconstruction Division, Real Estate Section, from her position as Stenographer Clerk III in the Division of Maintenance and Field Operations, District 08. The employee was ordered to be reinstated in her former position. We affirm.
A classified employee may, pursuant to Rule 13.10, appeal to the Commission when she alleges that she has been discriminated against or subjected to any disciplinary action because of her political or religious beliefs, sex, race or discrimination. Rule 1.14.1 defines discrimination as the “consideration of religious or political beliefs, sex, race or any other non-merit factors.” In an appeal to the Commission, the employee has the burden of proving discrimination. Sanders v. Department of Health and Human Resources, 394 So.2d 629 (La.App. 1st Cir.1980), writ denied 399 So.2d 602 (La.1981).
Ms. Gabour alleged acts of discrimination in her appeal. The allegations were that Ms. Gabour was transferred in reprisal for her request for a departmental investigation of the District Administrator of DOTD. On June 7, October 11 and 12, 1982, a public hearing was held before a referee appointed by the Commission. Extensive evidence was taken on the allegations of discrimination, and the hearing officer’s opinion, which was adopted by the Commission, analyzed the evidence in considerable detail and stated findings of fact. The Commission, in effect, reached the conclusion that the classified employee was subjected to a change of duty station on the basis of non-merit factor discrimination.
We have carefully examined the entire record and, after applying the appropriate standard for factual review and the applicable law, have determined that the referee’s decision and the ruling of the Commission are correct. The employee proved that the transfer was in reprisal of her demand for departmental investigation of the district administrator.
For the foregoing reasons, the decision of the Commission is affirmed.
AFFIRMED.

. Civil Service Rule 8.16(c) provides in part: An appointing authority may change the duty station of a permanent employee from one geographical area to another and any such change shall be reported to the Director [for the Department of Civil Service].