563 So.2d 920 (1990)
Shelley CARTER
v.
DEPARTMENT OF REVENUE AND TAXATION.
No. CA 89 0032.
Court of Appeal of Louisiana, First Circuit.
May 30, 1990.
Katherine Wheeler, Benton, Benton, Benton & Wheeler, Baton Rouge, for appellant.
Oliver W. Williams, Asst. Atty. Gen., Dept. of Justice, Baton Rouge, for appellee.
Robert R. Boland, Jr., Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall, Director, Dept. of State Civil Service.
Before EDWARDS, LANIER and FOIL, JJ.
LANIER, Judge.
This is an appeal from a decision of the State Civil Service Commission (Commission), *921 which granted an agency's motion for summary dismissal of an employee's appeal.

PROCEDURAL FACTS
On January 22, 1987, Shelley Carter was employed by the Department of Revenue and Taxation (DRT) in the probationary position of Tax Attorney I. By letter dated January 22, 1987, the Secretary of DRT advised the Director of the Department of Civil Service (Director) as follows:
This is to notify you that in accordance with Civil Service Rule 9.1(e), we are terminating the probationary appointment of Shelly C. Carter, Tax Attorney 1, effective close of business January 26, 1987.
The reasons for Ms. Carter's termination are her excessive number of absences during her probationary period suggesting possible problems in the future and the inability to effectively deal with other agency employees.
Civil Service Rule 9.1(e) provides as follows:
A probationary employee may be removed by the appointing authority at any time, provided that the appointing authority shall furnish the Director reasons therefor in writing.
By affidavit and letter dated February 26, 1987, Carter, through counsel, appealed her dismissal, asserting, in pertinent part, as follows:
This letter and the attached affidavit of Shelley Carter constitute an appeal from Ms. Carter's dismissal by the Louisiana Department of Revenue and Taxation. At the time of her dismissal, Ms. Carter was a probationary employee of the Department, serving in a position as a staff attorney. Ms. Carter predicates her appeal on Civil Service Rule 13.10(h), claiming that her dismissal constituted discrimination, as defined in Rule 1.14.1, on the basis of non-merit factors, including (1) exercise of protected speech and (2) personal animosity by a fellow employee.
Ms. Carter seeks reinstatement, back pay and a non-discriminatory determination of the granting of permanent status in the civil service.
Civil Service Rule 13.10(h) provides that an appeal may be made to the Commission by "[A]ny person who alleges that he has been the subject of discrimination as defined in Rule 1.14.1." Civil Service Rule 1.14.1 provides that "`[D]iscrimination' means consideration of religious or political beliefs, sex, race, or any other non-merit factors."
On the morning of April 26, 1988, the date set for the public hearing of Carter's appeal, DRT, through counsel, filed a motion for summary disposition, asserting that Carter's appeal failed to allege specific facts to support a conclusion of discrimination as required by Civil Service Rule 13.11(d). Civil Service Rule 13.11(d) provides that a notice of appeal must:
Contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal. Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail. The specific facts required will vary depending on the nature of the appeal; however, the facts must be alleged in sufficient detail to enable the agency to prepare a defense. A conclusion of discrimination is not sufficient. The types of facts which must be included are:
1. the date, time and place the discriminatory action took place;
2. the name of the person or agency alleged to have taken the discriminatory action;
3. a description of how appellant's action, conduct or performance was the same as that of other persons who were treated differently;
4. the names of other persons treated differently and the dates the different treatment occurred;
5. a description of events, including the dates and circumstances thereof, which led appellant to believe that the adverse decision was based on his religious or political beliefs, sex, race, or any other non-merit factor.

*922 Where a violation of the Article or a Rule is alleged to be a basis for appeal, specific facts supporting the conclusion that a violation has occurred must be alleged in sufficient detail to enable the agency to prepare a defense.
On June 13, 1988, the referee ruled that Carter failed to state sufficient facts to establish a right to, or basis for, appeal and dismissed Carter's appeal. On June 29, 1988, Carter applied to the Commission for review of the referee's decision. On September 16, 1988, the Commission denied the application. Carter took this appeal.

SUFFICIENCY OF CARTER'S NOTICE OF APPEAL

(Assignment of error 1)
Carter contends the "referee erred in finding that appellant's affidavit failed to comply with Civil Service Rule 13.11(d)'s requirement of a concise statement of the basis of appeal and specific facts supporting a claim of discrimination."
Pursuant to Civil Service Rule 13.11(d), an appeal based on discrimination must set forth specific facts in detail to support the conclusion of discrimination. Carter's appeal was comprised of a letter by her counsel and a six-page affidavit by her. The majority of this affidavit pertains to Carter's absences from work due to her misunderstanding of DRT's leave policy and/or administrative errors by DRT. In the affidavit, Carter makes repeated reference to rumors that she was to be terminated, but the affidavit does not assert there were rumors that Carter's termination was the result of discrimination. Carter's initial appeal asserts that her dismissal constituted discrimination because it was based on two non-merit factors: (1) exercise of the protected right to free speech and (2) personal animosity toward her by a fellow employee. However, the only specific references in Carter's affidavit to these two non-merit factors are contained in the following pertinent passages of the affidavit:
Mr. Carpenter added that the final decision came as a surprise to him. He said Mr. MacMurdo had said nothing about me and that everything seemed fine "up until a couple of months ago" when MacMurdo said "Carter has to goshe doesn't get along with people." Mr. Carpenter said the statement took him by surprise and that I had evidently "stepped on someone's toes." He did not know whom I had offended, nor do I. He speculated that it was Ms. Rhorer and told me that she and Mr. MacMurdo were very close. I have never had a disagreement with Ms. Rhorer, although I have criticized department policy in her presence. However my criticisms were never directed at any decision of hers, nor at any policy over which she had any control. So I cannot imagine how she took my remarks personally.[1]

. . . . .
Since I had corrected my problem with leave during the second six months of my probation, I believe that I was fired for the following reasons:
(1) Expressions of views and opinions about department policy that offended Ms. Rhorer without just cause;
(2) Unwarranted personal animosity toward me by Ms. Rhorer that was not related in any way to the performance and quality of my work;
(3) Use by Ms. Rhorer of her influence with Mr. MacMurdo to have me fired for personal reason unrelated to the merits of my performance in my job.
Carter's appeal failed to allege sufficient specific facts to comply with Rule 13.11(d). This assignment of error lacks merit.

AMENDMENT OF APPEAL

(Assignment of error 2)
Carter contends the "referee erred in granting a summary dismissal of appellant's claim without allowing amendment to *923 her affidavit ...", citing as authority Rocque v. Department of Health and Human Resources, Office of Secretary, 505 So.2d 726 (La.1987).
In Rocque the notice of appeal contained no "statement of the actions complained against" and no "statement of the basis of the appeal", as required by Rule 13.11(d). Further, there was no attempt to amend the notice of appeal as provided for in Rule 13.12(d). The referee summarily dismissed the appeal, the Commission declined to review the referee's decision, and this court affirmed on appeal. The Louisiana Supreme Court granted a writ and ultimately found that Rule 13.11(d), when construed in conjunction with Rules 13.12(d), 13.14(a)(3) and 13.14(a)(6), was unreasonable and imposed an unduly onerous responsibility on appellants. The Court gave the following rationale:
It is clear that Rule 13.11(d) serves a valid function. However, in conjunction with Rules 13.14(a)(3) and 13.14(a)(6), which require summary dismissal where the notice of appeal does not comply with Rule 13.11(d), and with Rule 13.12(d), which does not permit supplementation or amendment of an appeal beyond the thirty-day period for filing a notice of appeal, Rule 13.11(d) acts as a trap for the unwary appellant who does not learn of the insufficiency of his appeal under the rule until the time for remedying any deficiencies has already elapsed. While we are without authority to enact rules for the Commission, we suggest that the function of Rule 13.11(d) could be served in a way less burdensome to appellants by, for example, permitting supplementation or amendment of appeals beyond the current thirty-day period, and by amending Rule 13.11(d) so as to specify exactly what constitutes "a clear and concise statement of the basis of the appeal." However, as stated, it is not for this court to enact remedial rules for the Civil Service Commission. Accordingly, we merely conclude that the present scheme of appeal to the State Civil Service Commission is unreasonable and unduly burdensome on appellants.
(Emphasis added)

Rocque, 505 So.2d at 728.
The Louisiana Supreme Court reinstated the appeal in Rocque, even though there was insufficient compliance with Rule 13.11(d) and there was no attempt to amend the appeal.
We have reviewed the pertinent civil service rules, particularly Rule 13.11(d), and have found that no supplementation or amendment has been made to them since Rocque. Thus, Rocque is still controlling and a Civil Service appeal cannot be dismissed for noncompliance with Rule 13.11(d).[2] This apparently will remain the law until the Commission makes appropriate supplementations or amendments.[3]
This assignment of error has merit.[4]

DECREE
For the foregoing reasons, the dismissal of the appeal is reversed, the appeal is reinstated, and the case is remanded to the Commission for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] "Mr. Carpenter" is Robert Carpenter, who was General Counsel for DRT at the time of Carter's dismissal. "Mr. MacMurdo" is Richard MacMurdo, who was the supervisor of Carter's department at the time of her dismissal. "Ms. Rhorer" is Ellen Rhorer, who was the Administrative Supervisor at the time of Carter's dismissal.
[2] We note that Rocque was a disciplinary action case in which the burden of proof was on the appointing authority. The instant case is one in which the employee asserts discrimination and bears the burden of proof of showing it. La. Const. of 1974, art. X, § 8. As we read Rocque, this distinction makes no difference.
[3] See, for example, La.C.C.P. arts. 933 and 934.
[4] In assignment of error 3, the appellant asserts she "was a permanent employee at the time of her removal and her termination constitutes removal of a permanent employee without cause." In assignment of error 4, the appellant asserts DRT "was estopped from dismissing her on the basis of infractions that had resulted in previous disciplinary action and had since been cured." Because the appeal has been reinstated, it is unnecessary to rule on these assignments of error.