590 So.2d 1253 (1991)
Allen T. MARCANTEL
v.
DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
No. 90 CA 1612.
Court of Appeal of Louisiana, First Circuit.
November 22, 1991.
*1254 I. Jackson Burson, Jr., Burson and Ortego, Eunice, for appellant.
Anthony J. Bonfanti, Executive Asst. Gen. Counsel, Dept. of Transp. and Development, Baton Rouge, for appellee.
Robert R. Boland, Jr., Civil Service Gen. Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall Director, Dept. of State Civil Service.
Before WATKINS, CARTER and FOIL, JJ.
CARTER, Judge.
This is an appeal from a decision of the Louisiana Civil Service Commission denying appellant's application for review.

FACTS
After exhausting preliminary Civil Service grievance procedures, by letter dated December 1, 1989, Allen T. Marcantel filed a notice of appeal with the Department of Civil Service claiming he was not given an opportunity to apply and was not interviewed for the position of parish highway maintenance superintendent. Marcantel complained that Melvin Villery, a man of less seniority and fewer qualifications than Marcantel, was appointed to the position. Marcantel alleged that Villery's appointment deviated from department hiring procedures and was the result of a settlement reached between the Department of Transportation (DOTD) and Villery. Marcantel averred that Villery agreed to drop a suit against DOTD in exchange for appointment to the parish highway maintenance superintendent position. Marcantel asked for an "equal opportunity" to apply for the position and for lost wages resulting from DOTD's failure to fill the vacancy according to Civil Service and Consent Decree rules.
The referee assigned to adjudicate the Marcantel grievance questioned whether Marcantel pleaded discrimination with the specificity required by Civil Service Rule 13.11(d) so as to give rise to a right to appeal or stated a basis for appeal. The referee ordered the parties to show cause why the appeal should not be summarily dismissed. In response to the order, Marcantel submitted a memorandum reurging *1255 the complaints stated in his December 1, 1989 letter. DOTD responded to the order to show cause with a memorandum stating that Marcantel failed to allege discrimination in sufficient detail to constitute a discrimination claim pursuant to Civil Service Rules. DOTD also argued that Marcantel had failed to adequately describe violations of promotion procedures.
Thereafter, the referee summarily dismissed Marcantel's claim, finding that Marcantel had not supported his allegations with sufficient specific facts as required by Civil Service Rule 13.11(d). The referee also found that Marcantel's complaint insufficiently alleged violations of Civil Service Rules concerning promotion.
Marcantel then applied to the Civil Service Commission for review of the referee's decision, reurging all claims previously stated. The Civil Service Commission denied Marcantel's application for review. From this adverse decision, Marcantel appealed, assigning the following errors:
1. The Civil Service Commission erroneously used summary procedure to dispose of Allen Marcantel's appeal.
2. The Civil Service Commission erroneously found that Allen Marcantel's allegation of discrimination was not supported by specific facts required by Rule 13.11(d).
3. The Civil Service Commission erroneously concluded that Allen Marcantel failed to allege facts which, if proven, would constitute a violation of any Civil Service Rules regarding promotion.
4. The Civil Service Commission erroneously denied procedural due process to Allen Marcantel by, inter alia, failing to provide him with copies of DOTD's response to the Referee's Rule to Show Cause which would have provided him with an opportunity to respond to issues raised in this response.

SUMMARY DISMISSAL
The grounds for summary disposition of a Civil Service appeal are set forth in Civil Service Rule 13.14(a) as follows:
1. That the Commission lacks jurisdiction of the subject matter, or of the person against whom relief is sought.
2. That the appellant has no legal right to appeal.
3. That the appeal has not been made in the required manner or within the prescribed period of delay.
4. That the appeal has become moot.
5. That an appellant has failed to appear at the time fixed for the hearing of his appeal, without having been granted a continuance.
6. That the written notice expressing the cause for the action complained against is insufficient; or, that the cause as expressed does not constitute legal ground for the disciplinary action.
7. That the disciplinary action was not taken by the proper appointing authority.
In summarily dismissing Marcantel's appeal, the referee apparently determined that Marcantel insufficiently alleged discrimination according to Civil Service Rules and failed to sufficiently allege a violation of Civil Service Rules regarding promotion and that, as a result, he had no right to appeal.
Generally, decisions of Civil Service Commission referees are subject to the same standard of review as decisions of the Commission itself. Decisions of the Civil Service Commission are subject to the same standard of review as a decision of a district court. Department of Health & Human Resources v. Payton, 498 So.2d 181, 187-88 (La.App. 1st Cir.1986). Great weight should be given to factual determinations of the Commission or a referee. The Commission's finding of fact should not be reversed unless clearly wrong or manifestly erroneous. A determination of the existence of legal cause consists, at least in part, of a factual finding that certain behavior occurred. In determining the existence of "legal cause" for disciplinary actions or dismissal, the Commission's decisions should not be reversed unless "arbitrary, capricious or an abuse of the commission's discretion." Walters v. Department *1256 of Police of the City of New Orleans, 454 So.2d 106, 113 (La.1984). However, with respect to the Commission's decisions as to jurisdiction, procedure, and interpretation of laws and regulations, the judicial review function is not so limited. Department of Public Safety & Corrections, Office of Youth Services v. Savoie, 569 So.2d 139, 141 (La.App. 1st Cir.1990). In Leger v. State Police Retirement Board, 396 So.2d 965, 966 (La.App. 1st Cir.), writ denied, 399 So.2d 610 (La.1981), the "error of law" standard was found applicable to the legal aspects of a mixed question of law and fact presented in review of an administrative decision.
The issue before us is a procedural one involving a determination of the sufficiency of an allegation rather than a factual finding. The deferential standard of review afforded to factual findings are therefore inapplicable to our review of the referee's decision for legal error. Department of Public Safety & Corrections, Office of Youth Services v. Savoie, 569 So.2d at 141; LSA-R.S. 49:964 G. In light of the above jurisprudence, we will examine Marcantel's allegations of discrimination and Civil Service Rule violations to determine whether the referee's determinations, as affirmed by the Commission, are erroneous.

Discrimination
The Civil Service Rules "embrace the merit system, and their intent is to preclude favoritism." Sanders v. Department of Health & Human Resources, 388 So.2d 768, 771 (La.1980). Civil Service Rule 1.14.1 defines discrimination as the "consideration of religious or political beliefs, sex, race or any other non-merit factors."
Civil Service Commission Rule 13.11(d) provides, in pertinent part, that:
[A] notice of appeal must
(d) Contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal. Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail. The specific facts required will vary depending on the nature of the appeal; however, the facts must be alleged in sufficient detail to enable the agency to prepare a defense. A conclusion of discrimination is not sufficient. The types of facts which must be included are:
1. the date, time and place the discriminatory action took place;
2. the name of the person or agency alleged to have taken the discriminatory action;
3. a description of how appellant's action, conduct or performance was the same as that of other persons who were treated differently;
4. the names of other persons treated differently and the dates the different treatment occurred;
5. a description of events, including the dates and circumstances thereof, which led appellant to believe that the adverse decision was based on his religious or political beliefs, sex, race, or any other non-merit factor.
In his notice of appeal, Marcantel alleged that the person appointed to the position of parish highway superintendent, Villery, obtained his appointment in St. Landry Parish solely to facilitate settlement of a suit between Villery and DOTD in which Villery claimed that he should have been appointed to a similar position in Evangeline Parish. Marcantel claimed that he learned on November 17, 1989, at 3:50 p.m. that Villery had already been appointed to the position. Marcantel alleged that he was the senior employee, having served more total time with DOTD, and also that he had served more time in a supervisory position as Highway Foreman I since 1974. Marcantel alleged that, as a result of DOTD's consideration of the threat posed by Villery's lawsuit, Marcantel was denied the opportunity to apply for the position awarded to Villery. If the facts alleged are true, they show that Marcantel was denied the opportunity to apply for the position and that denial was based on consideration of non-merit factors, namely *1257 DOTD's consideration of Villery's lawsuit. Consideration of a non-merit factor is discrimination as defined by Civil Service Rule 1.14.1.[1]
We find that Marcantel's allegations are sufficient to support a claim of discrimination under Civil Service Rule 13.11(d). Marcantel has alleged sufficient facts to enable the agency to prepare a defense. In light of the foregoing, the referee's finding that Marcantel's allegation was insufficient was erroneous.[2]Didier v. Department of State Civil Service, 446 So.2d 886, 887-89 (La.App. 1st Cir.1984); Department of Culture, Recreation and Tourism v. Peak, 423 So.2d 718, 719-20 (La.App. 1st Cir.1982). See also Department of Transportation and Development v. Gabour, 468 So.2d 1301, 1302 (La.App. 1st Cir.1985). But see Carter v. Department of Revenue and Taxation, 563 So.2d 920, 922 (La.App. 1st Cir.1990).

Violation of Promotion Rules
In addition to finding that Marcantel failed to sufficiently allege discrimination, the referee determined that Marcantel failed to allege facts which, if proven, would constitute a violation of any Civil Service Rules regarding promotions.[3]
Although the Rules provide for noncompetitive promotions in certain instances, the Rules generally favor a merit system of promotion. See Sanders v. Department of Health & Human Resources, 388 So.2d at 771 (La.1980).
Civil Service Rule 8.3 states:
Anticipation of Need
Insofar as practicable, each vacancy shall be anticipated sufficiently in advance to permit the Director to determine who may be available for appointment and, if necessary, to establish a list of eligibles.
Marcantel's allegation describes a promotion process that was not based on eligibility lists. Rather, Marcantel alleged that Villery was selected "solely in order to facilitate the settlement of a suit which Villery had filed against DOTD arising out of his failure to be appointed Parish Highway Maintenance Superintendent in Evangeline Parish," and that, as a result, Marcantel was deprived of the opportunity to apply for the position.
DOTD admits that the position of parish highway maintenance superintendent is within the competitive classes of promotion; however, DOTD argues that Villery was the only person on the list of eligibles for the position. According to *1258 DOTD, Marcantel's failure to maintain his own name on a list of eligibles prevented him from being considered for the position. DOTD suggests that Marcantel's allegation is insufficient partly because he failed to expressly allege that his name properly appeared on the appropriate eligibility list.
Whether Marcantel ultimately can prove his allegations should be distinguished from the question of whether his allegations are sufficient. Questions such as whether an eligibility list consisting of only Villery's name existed and was properly compiled and considered are at least, in part, factual determinations. The issue before us is whether Marcantel has sufficiently alleged a violation of Civil Service promotion rules.
In addition to pointing out his seniority to Villery and his superior qualifications, Marcantel alleged that DOTD's appointment of Villery in settlement of a lawsuit rather than according to Civil Service Rules prevented Marcantel from applying for the position. Marcantel has implicitly alleged that he was eligible and worthy of serious consideration for the position. When an employee's claim encompasses questions concerning the propriety of the compilation of an eligibility list, it would be unfair to require the employee to expressly allege that his name was on an eligibility list in order to state grounds for an appeal.
This court has held that an employee has the right to appeal the denial of a promotion without showing that he has the right to a promotion. Department of Labor, Office of Employment Security v. Leonards, 498 So.2d 178, 180-81 (La.App. 1st Cir.1986). Analogously, an employee need not prove that he had the right to be considered for a particular position or promotion in order to sufficiently allege that he was denied the opportunity to apply for the position.
Whether Marcantel actually was prevented from applying for the position and the cause of that inability, if it existed, should be determined on the merits. His allegation describes a hiring practice sufficiently suggestive of violations of the Civil Service Promotion Rules that summary disposition of his claim was inappropriate.
Because of our determination that the referee and the Commission erred in dismissing Marcantel's application for review, we find it unnecessary to address the other issues raised.

DECREE
For the foregoing reasons, we reverse the decision by the referee, which was affirmed by the Commission, summarily disposing of Marcantel's appeal. The matter is remanded to the Civil Service Commission for further proceedings consistent with the views expressed herein. DOTD is cast for all costs in the amount of $112.00.
REVERSED AND REMANDED.
NOTES
[1] Marcantel calls his claim a "reverse discrimination" claim. The record does not indicate Marcantel's race, but in brief we are told Marcantel is white and Villery is black. The race of Marcantel and Villery is immaterial to a resolution of this case. The procedure Marcantel complains resulted in Villery's hiring would exclude all potential applicants whether black or white. Regardless of what label Marcantel attaches to his claim, it is clear he complains that consideration of non-merit factors resulted in the hiring of Villery and in his inability to apply for the position.
[2] Initially, we questioned the propriety of summary dismissal of discrimination claims without allowing leave to amend. In Rocque v. Department of Health & Human Resources, Office of Secretary, 505 So.2d 726, 728 (La.1987), the supreme court found that Civil Service Rules 13.11(d) in conjunction with Rule 13.12(d) creates a trap for the unwary and is unreasonable and unduly burdensome for appellants. Rule 13.12(d) limits the time for amendment of an appeal to the thirty-day period allowed for filing the appeal. An appellant is likely to learn of his appeal's insufficiency only after the delay for amendment or supplementation has passed. Rocque involved a disciplinary action, but the same reasoning has been applied in this circuit in discrimination cases. See Carter v. Department of Revenue and Taxation, 563 So.2d 920, 923 n. 2 (La.App. 1st Cir.1990). See also Mostafa F. Khosravanipour v. Louisiana Department of Transportation and Development, 592 So.2d 5 (La.App. 1st Cir.1991). In the case sub judice, Marcantel has not expressly complained that he was denied opportunity to amend his complaint as a result of the described Civil Service rules; however, the language of Carter states that "a Civil Service appeal cannot be dismissed for noncompliance with Rule 13.11(d)." Carter v. Department of Revenue and Taxation, 563 So.2d at 923. Since we find that Marcantel sufficiently alleged discrimination, his ability to amend is immaterial.
[3] Marcantel also complained that certain violations of DOTD policies and "consent decree rules" occurred. The referee made no express ruling on whether policy violations occurred; we therefore decline to address this issue.