I «GANUCHEAU, Judge Pro Tem.
Conrad Adams appeals from a decision rendered in May 1999 by the Louisiana State Civil Service Commission. Finding no error in the Commission’s decision, we affirm.

FACTS

Conrad Adams was employed by the Department of Health and Hospitals, Office of Public Health, and had gained permanent status in the classified state service. He was notified by memorandum in December of 1998 that he was instructed by the appointing authority to utilize his compensatory leave time. The memorandum further stated that “[i]n light of recurrent problems and the irrational behaviors demonstrated by you on Friday, December 18th, this measure is intended to allow you time to re-think your actions and allow time to de-escalate the tension .... ” He began using the leave time on December 28, 1998, and was instructed to return to work on January 18, 1999.
On January 6, 1999, Mr. Adams filed an appeal complaining that he was “illegally” forced to use his leave time, that the action was not taken by the proper appointing authority, and that he was not afforded due process or pre-disciplinary notification prior to the action being taken.
A Civil Service Commission Referee was assigned to the matter, who issued notice to Mr. Adams that the action complained of was not a disciplinary action and that in order to appeal the action, the appeal must be based on the allegation that a Civil Service Rulé had been violated or that the appellant had been subjected to prohibited discrimination. Mr. Adams responded to the notice arguing | ¡¡that he had a property right to his earned compensatory leave, and that because the action was disciplinary in nature, the action could not be taken without pre-disciplinary notice and an opportunity to respond.
The Referee then concluded that Mr. Adams had no right of appeal to the Commission and dismissed the appeal by decision dated May 19, 1999. The Referee reasoned that the action taken regarding Mr. Adams’ compensatory leave was based *945 on Civil Service Rule 11.29(d), which states, “An employee who has been credited with compensatory leave may be required, by his appointing authority, to take all or part of such leave at any time.” Mr. Adams had not alleged any facts which, if proved, would establish that Rule 11.29 had been violated, nor had he alleged that he had been subjected to prohibited discrimination. By operation of law the dismissal of Mr. Adams’ appeal became the decision of the Commission.

DISCUSSION

The standard of review applicable to this case has been summarized by this court as follows:
Generally, decisions of Civil Service Commission referees are subject to the same standard of review as decisions of the Commission itself. Decisions of the Civil Service Commission are subject to the same standard of review as a decision of a district court. Department of Health & Human Resources v. Payton, 498 So.2d 181, 187-88 (La.App. 1st Cir. 1986). Great weight should be given to factual determinations of the Commission or a referee. The Commission’s finding of fact should not be reversed unless clearly wrong or manifestly erroneous. A determination of the existence of legal cause consists, at least in part, of a factual finding that certain behavior occurred. In determining the existence of “legal cause” for disciplinary actions or dismissal, the Commission’s Udecisions should not be reversed unless “arbitrary, capricious or an abuse of the Commission’s discretion.” However, with respect to the Commission’s decisions as to jurisdiction, procedure, and interpretation of laws and regulations, the judicial review function is not so limited... [T]he “error of law” standard [is] found applicable to the legal aspects of a mixed question of law and fact presented in review of an administrative decision, (citations omitted)
Mareantel v. Dept. of Trans. and Development, 590 So.2d 1253, 1255-1256 (La.App. 1st Cir.1991), quoting Walters v. Dept. of Police of the City of New Orleans, 454 So.2d 106, 113 (La.1984).
Mr. Adams maintains that this was not simply an administrative decision based on Civil Service Rule 11.29(d), but was, in fact, punitive in nature. He contends that, because it was punitive in nature, the action fell within the disciplinary realm, where, according to Rule 12.7, he should have been given notice of the proposed action and the reasons therefor, a description of the evidence supporting the proposed evidence, and a reasonable opportunity to respond.
We do not agree. Civil Service Rule 12.2(b) states that, “Disciplinary actions can only include: reassignments; suspensions without pay; reduction in pay; involuntary demotions and dismissals.” The action taken against Mr. Adams was a forced use of his compensatory leave, which is permissible under Rule 11.29(d), not a disciplinary action. In Louisiana Dept. of Agriculture and Forestry v. Sumrail, 98-1587 (La.3/2/99), 728 So.2d 1254, the supreme court noted that Article X of the Louisiana Constitution limits the State Civil Service Commission’s quasi-judicial power to hear the appeals of state civil service employees to two categories of claims: (1) | ¡^discrimination claims provided for in Section 8(B); and (2) removal or disciplinary claims provided for in Section 12(A) and 8(A).
Mr. Adams has not claimed discrimination, has not shown that any Civil Service Rule was violated, and has failed to show that the appointing authority took disciplinary action against him. Accordingly, finding no error in the decision of the Louisiana State Civil Service Commission, we affirm.
AFFIRMED.
GUIDRY, J., dissents and assigns reasons.