J^FITZSIMMONS, J.
The City of Baton Rouge (City of Baton Rouge Police Department) and Pat En-glade, Chief of Police (collectively “City”), appeal the trial court’s issuance of a writ of mandamus ordering appellants to “reinstate the employment of Tommy Morrison and pay him all back wages and emoluments of employment retroactive to the date of his termination on June 16, 2000 .... ” Following a review of the facts involved and the applicable law, this court affirms the trial court judgment.
On June 16, 2000, written notice was sent to Mr. Morrison by the Baton Rouge Police Department (Department) advising him that he was terminated. Prior to his termination, Mr. Morrison had been placed on “unpaid administrative leave.” An appeal by Mr. Morrison to the Municipal Fire and Police Civil Service Board (Board) resulted in a determination that the department had improperly terminated Mr. Morrison, and he should be reinstated with back pay.[1] The Department, thereaf *446 ter, returned Mr. Morrison to the status of “unpaid administrative leave.” He was not given any back pay.
Mr. Morrison filed a petition in the Nineteenth Judicial District Court. He sought, among other remedies, the' issuance of a writ of mandamus directing the City to immediately reinstate him to his former position of employment with full back pay. The trial court granted the writ of mandamus and it ordered the reinstatement and payment of all back wages.
In the instant appeal, the City points out that the Board’s decision was premised on the Department’s procedural error: failing to give Mr. Morrison adequate pre-depri-vation notice and an opportunity to be heard. It distinguishes such a determination from a decision on the merits of the cause of termination, 13noting that the Board’s action does not prohibit the Department from re-instituting termination proceedings.
This court recognizes that the City can recommence termination procedures, which could potentially result in Mr. Morrison’s ultimate termination. However, any such future action cannot be presupposed; nor can it supplant a determination of improper action taken in the past. The issue to be resolved centers around the Board’s action ordering reinstatement and back pay.
Louisiana Revised Statute 33:2501 addresses appeals by employees to the Board. Subsection C(l) pertinently states:
After the investigation provided for in Subsection B of this Section, the board may, if the evidence is conclusive, affirm the action of the appointing authority. If they find that the action was not taken in good faith for cause under the provision of this Part, the board shall order the immediate reinstatement or reemployment of such person in the office, place, position, or employment from which he was removed, suspended, demoted, or discharged, which reinstatement shall, if the board so provides, be retroactive and entitle him to his regular pay from the time of removal, suspension, demotion, discharge, or other disciplinary action. [Underlining supplied.]
It is not disputed by the Department that it failed to follow the proper procedural requirements to which the Department must adhere in a termination proceeding pursuant to La. R.S. 33:2501B(1) and (2). These requirements include notice and the opportunity to participate at a hearing. Given the Department’s failure to comply with the unequivocal requirements established in La. R.S. 33:2501, the Board’s reinstatement was not legally erroneous. Marcantel v. Department of Transportation and Development, 590 So.2d 1253, 1256 (La.App. 1st Cir. 1991). Reinstatement by the Department to the temporary status of “unpaid administrative leave” fails to comport with the mandatory duty to return the employee to his regular position from which he was “removed,” “suspended,” or “demoted.” Finally, the City has not demonstrated that the Board’s directive, | ¿ordering back pay, constituted an abuse of the board’s discretion.[2] La. R.S. 33:2501C(1); Marcantel, 590 So.2d at 1255.
Pursuant to La. C.C.P. arts. 3861 and 3863, a writ of mandamus is a procedural vehicle to direct a public officer or corporation or officer thereof to perform a ministerial duty required by law. It may *447 be issued in cases “where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice[.]” La. C.C.P. art. 3862. Applying these precepts to the case at hand, Mr. Morrison’s utilization of the mandamus proceeding to require the City to enforce the decision and directive of the Board constitutes a proper procedural course of action. Ricca v. City of Baton Rouge, 450 So.2d 1032, 1034 (La.App. 1st Cir.1984).
Accordingly, this court affirms the judgment of the trial court. All costs associated with this appeal, in the sum of $484.36, are assessed to the City of Baton Rouge (City of Baton Rouge Police Department) and Pat Englade, Chief of Police.
AFFIRMED.
GUIDRY, J., concurs.

. Unfortunately, this court is not privy to the minutes of the formal action taken by the Board. At trial, Pat Englade testified on behalf of the City that the board voted to reinstate Mr. Morrison with full back pay; however, counsel for the City advised the court that the board minutes had not been prepared as of the time of the trial.

. Any future action taken by the Board should not affect the board's decision for the time period made the subject of this litigation.