DIANE BEARD
v.
LSU HEALTH SCIENCES CENTER-EARL K. LONG MEDICAL CENTER
No. 2008 CA 0928
Court of Appeal of Louisiana, First Circuit.
October 31, 2008.
NOT DESIGNATED FOR PUBLICATION
DAN SCHEUERMANN, Counsel for Anne S. Soileau, Director, Department of State Civil Service.
ROBERT R. BOLAND, Jr., Counsel for Plaintiff/Appellee, Diane Beard.
MARTHA MANSFIELD, Counsel for Defendant/Appellant, LSU Health Sciences Center, Earl K. Long Medical Center.
Before: KUHN, GUIDRY, and GAIDRY, JJ.
GUIDRY, J.
LSU Health Sciences Center, Earl K. Long Medical Center (LSU), appeals the decision of the State Civil Service Commission granting Diane Beard's appeal, reversing her termination, and ordering LSU to pay her back pay from August 7, 2007, until her return to work. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
Diane Beard was employed by LSU as a biomedical equipment technician with permanent status. Beard was employed for fifteen years. On July 20, 2007, LSU sent Beard a letter advising her that it was considering disciplinary action against her, namely, dismissal from her job, based on her alleged deliberate destruction of property belonging to Earl K. Long Medical Center. In the letter, LSU alleged that on June 4, 2007, Beard was observed putting files in a plastic garbage bag, leaving the biomedical department with the bag, and that her supervisor, Paul Levy, went to the trash bin located outside of Earl K. Long Medical Center near the biomedical department and retrieved a trash bag containing department documents.
On July 27, 2007, Beard sent a response to LSU denying the allegations. By letter dated August 7, 2007, Beard was notified that she was being dismissed from her job effective August 7, 2007. On September 6, 2007, Beard appealed LSU's decision to the Civil Service Commission, denying LSU's allegations and asserting that the allegations made by her supervisor and Roderick Barnes were in retaliation for her previous complaints of discrimination made against those two employees.
The referee appointed by the Commission to adjudicate the matter held a hearing on October 15, 2007. In a decision rendered January 9, 2007, the referee granted Beard's appeal, reversed her termination, and ordered LSU to pay Beard back pay beginning August 7, 2007, until her return to work, with interest, subject to offset by any unemployment benefits received and any wages earned. The referee further awarded Beard attorney fees in the amount of $1,500.00. LSU appealed the referee's decision to the Commission, which appeal was denied. Accordingly, the decision of the referee became the decision of the Commission. LSU now appeals from this decision.

DISCUSSION
Generally, decisions of Civil Service Commission referees are subject to the same standard of review as decisions of the Commission itself. Decisions of the Civil Service Commission are subject to the same standard of review as a decision of the district court. Great weight should be given to factual determinations of the Commission or a referee. Foreman v. LSU Health Sciences Center, 04-0651, p. 3 (La. App. 1st Cir. 3/24/05), 907 So. 2d 103, 106, writ denied, 05-1084 (La. 6/24/05), 904 So. 2d 742. The Commission's finding of fact should not be reversed unless clearly wrong or manifestly erroneous. An appellate court should not disturb reasonable evaluations of credibility and reasonable inferences of fact where there is conflict in the testimony. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Wopara v. State Employees' Group Benefits Program, 02-2641, p. 5 (La. App. 1st Cir. 7/2/03), 859 So. 2d 67, 69.
A determination of the existence of legal cause consists, at least in part, of a factual finding that certain behavior occurred. Marcantel v. Department of Transportation and Development, 590 So. 2d 1253, 1255 (La. App. 1st Cir. 1991).
Employees with permanent status in the classified civil service may be disciplined only for cause expressed in writing. La. Const. art. 10, § 8. "Cause" exists when the employees conduct is detrimental to the efficient and orderly operation of the public service that employed her. See Bannister v. Department of Streets, 95-0404, p. 8 (La. 1/16/96), 666 So. 2d 641, 647. The appointing authority has the burden of proving, by a preponderance of the evidence, that the complained of activity occurred, and that such activity bore a real and substantial relationship to the efficient operation of the public service. Aldor v. New Orleans Fire Department, 01-0439, p. 8 (La. App. 4th Cir. 11/21/01), 803 So. 2d 112, 117, writ denied, 01-3352 (La. 318/02), 811 So. 2d 881; see also Wopara, 02-2641 at p. 4, 859 So. 2d at 69. A preponderance of the evidence means evidence, which is of greater weight than that which is offered in opposition thereto. Proof is sufficient to constitute a preponderance when, taken as a whole, it shows the fact of causation sought to be proved is more probable than not. Brown v. Department of Health & Hospitals Eastern Louisiana Mental Health System, 04-2348, p. 5 (La. App. 1st Cir. 11/4/05), 917 So. 2d 522, 527, writ denied, 06-0178 (La. 4/24/06), 926 So. 2d 545.
In dismissing Beard from her position as biomedical equipment technician, LSU asserted that she had engaged in the deliberate destruction of property belonging to Earl K. Long Medical Center. LSU relied on statements from two of Beard's co-employees, Rodrick Barnes and Carla Pratt, and her supervisor, Paul Levy. According to the written statement provided by Barnes on July 3, 2007, he observed Beard on June 4, 2007, putting files in a plastic bag, and then saw Beard leave the department with the bag. Pratt's statement, dated July 9, 2007, stated that she observed Beard with several files on her desk. However, Pratt did not reference when she observed Beard with files on her desk, and did not state that she saw Beard do anything with these files. Finally, Levy's statement, dated July 17, 2007, stated that he received a call on June 4, 2007, that Beard was throwing away files, and that he found the files in the trash can.
At the hearing in this matter, the evidence presented by LSU was contradictory and, as the referee phrased it, "disconnected." Barnes testified, numerous times, that Beard placed files in a black garbage bag. He also stated he called Levy and asked him to check the trash can and see if there were any files in that black bag. Further, Barnes stated that the bag Levy brought into his office was black. However, Levy stated that the bag he retrieved from the trash can was white.
Additionally, Barnes stated that he did not see Beard put files in the trash, but that he just saw her leave the department with the bag. However, Levy stated that Barnes had told him that he had observed Beard putting files in a trash bag, walk outside, and place them in the trash. Levy specifically indicated that Barnes had told him that he saw Beard put the trash bag in the trash can.
Further, there is some discrepancy as to the events that transpired following Barnes's call to Levy. Levy stated that he walked outside immediately and retrieved the bag that Beard had put the files in. However, the referee's opinion indicates that Barnes stated it was more like ten to fifteen minutes before Levy returned with the bag.[1]
Barnes's testimony was also internally inconsistent. He stated that he was not sure what Beard was putting in the bag, whether it was files or not, and had to ask his co-employee, Pratt, what she thought it was. However, in his written statement and later in his testimony, he clearly stated he saw her putting files in the bag. Also, he stated that he saw Beard place black binders and files in the bag. However, he stated later that the bag Levy had in his office only had papers in it. Barnes then tried to assert that he never said he saw Beard place binders in the bag. Levy's testimony was also contradictory. According to Levy, the files that were allegedly thrown away were files that the department had been looking for and were needed to rectify the inventory of the eye clinic. However, these documents, some of which dated back to 1983, had been locked in Levy's file cabinet from June 4, 2007, until the date of the hearing, and the eye clinic inventory had not been rectified.
Further, there had been several previous incidents between Beard and Levy where Beard had filed appeals or complaints. In particular, Beard had complained about Levy's unprofessional and intimidating behavior following an argument over new office furniture. According to Levy, he apologized to Beard, verbally and in writing, for his conduct and had also copied Amelia Georgetown in human resources. However, Beard and Georgetown denied receiving any such apology. Georgetown specifically stated that any such matters are between the supervisor and the employee and human resources would not be involved.
The trier of fact is granted a great deal of discretion in matters of credibility of witnesses. This is so because the trier of fact is able to observe first-hand the demeanor and character of the witnesses, while this court is limited to a review of the cold record. Therefore, unless the factual findings are clearly wrong or manifestly erroneous, we will not disturb the credibility determinations of the Commission. See Young v. Department of Health and Human Resources, 405 So. 2d 1209, 1212 (La. App. 1st Cir.), writ denied, 407 So. 2d 749 (La. 1981). Accordingly, keeping these principles in mind and based on our review of the record, we find no error in the referee's determination that the major witnesses were not credible, that the evidence was disconnected, and that consequently, LSU failed to establish by a preponderance of the evidence that Beard deliberately destroyed Earl K. Long Medical Center documents.
Finally, Beard requests in brief on appeal additional attorney's fees for work performed on appeal. However, it is well settled that an appellee, who neither appeals nor answers an appeal, is not entitled to additional fees for legal services rendered on appeal. Starr v. Boudreaux, 07-0652, p. 11 (La. App. 1st Cir. 12/21/07), 978 So. 2d 384, 392. Because Beard did not appeal from the decision of the Commission, and did not answer LSU's appeal and request additional attorney's fees, she is not entitled to additional attorney fees for work performed on appeal. Starr, 07-0652 at p. 11, 978 So. 2d at 392.

CONCLUSION
For the foregoing reasons, we affirm the decision of the Commission. All costs of this appeal are to be borne by the appellant, LSU Health Sciences Center, Earl K. Long Medical Center.
AFFIRMED.
NOTES
[1] The portion of the transcript where Barnes specifically addresses this question indicates that his response was inaudible due to noise on the CD.