Le BLANC, Judge.
This is an appeal from a decision by the State Civil Service Commission upholding appellant’s dismissal from'his probationary status as a Hearing Officer I with the Department of Health and Human Resources.
FACTS
Charles King was employed in a probationary status as a Hearing Officer I with the Department of Health and Human Resources. By letter dated February 25, 1985, appellant was advised that he was being terminated at the close of the business day on February 25, 1985, in accordance with Civil Service Rule 12.1. The letter advised appellant that he was being separated for the following reasons:
1. Appellant’s official Civil Service rating for the period July 30, 1984 through January 30,1985, was unsatisfactory, resulting in an extension of probationary status.
2. Appellant’s “Supervisory Plan” of January 9, 1985, called for him to respond positively to directions and instructions from his supervisor.
3. Between January 9, 1985, and January 25, 1985, several cases were returned to appellant for specific revisions.
4. In six cases returned to appellant (as referred to in note number 3 above), appellant made further revisions but stated that he could not abide by all instructions given to him.
5. The subject cases were again reviewed, found lacking, and a conference was held with appellant to inform him of the necessity of following specific instructions.
6.The most basic direction given to appellant in the conference of February 21, 1985, was to conform with the format style of the appeals writ for preparing decisions — specifically, to begin the “conclusions” section with a short introductory remark. Appellant stated that his conscience would not allow him to follow these instructions.
On March 27, 1985, appellant filed a request for appeal to the Civil Service Commission wherein he stated that he was the subject of discrimination based on non-merit factors, specifically that he is an attorney at law and was in a non-supervisory position.
On June 12, 1985, appellant filed a motion for summary disposition on paragraphs 1-5 of the termination notice, with particular emphasis on paragraphs 3-5. A public hearing before a referee was held on July 2, 1985, resulting in an oral ruling denying the motion. A hearing on the merits was conducted and on September 3, 1985, the referee issued a written notice of the decision denying the motion and the appeal on the merits.
On September 18, 1985, appellant applied to the State Civil Service Commission for a review of the referee’s decision. The request for review was denied on December 23, 1985, making the referee’s decision final. From that decision, Charles R. King appeals.
SUMMARY DISPOSITION
The appellant contends that the denial of his motion for summary disposition was arbitrary and capricious, and therefore, it should be reversed by this court. We do not agree.
Appellant contends that paragraphs 3-5 were not sufficiently detailed to allow him the right to allege discrimination on appeal.
It is well established that under the civil service rules a probationary employee may be removed by the appointing authority at *834 any time provided that the appointing authority furnishes the Director reasons therefore in writing. Civil Service Rule 9.1(e). Pembrick v. Charity Hospital at New Orleans, 268 So.2d 265 (La.App. 1st Cir.); writ denied, 263 La. 989, 270 So.2d 123 (1972).
Appellant contends that Civil Service Rule 13.14(a)(6) provides for summary disposition of an appeal if the notice expressing the cause for the action complained of is insufficient, i.e., the notice of dismissal to the employee is insufficient. This interpretation of Rule 13.14 is erroneous.
La. Const, art. X § 8 allows any employee to file an appeal on the basis of discrimination. Civil Service Rule 13.11(d) provides that the notice of appeal must contain a concise statement of the actions complained against and a concise statement of the basis of the appeal. Where discrimination is alleged to be the basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail. Under Civil Service Rule 13.14(a)(6), if the notice of appeal is not sufficiently detailed, then any interested party may file a request for summary disposition. In the situation before us, appellant is a probationary employee; therefore, he may appeal his dismissal only on the basis of discrimination. He must file a notice of appeal with specific dates, times, places, etc. which prove the discrimination. If the notice of appeal is not sufficiently detailed, then the D.H.H.R. could file a motion for summary disposition. The summary disposition procedures under Rule 13.14(a)(6) do not apply to the written letter of dismissal sent to the probationary employee.
This assignment of error is without merit.
DECISION ON THE MERITS
Appellant contends that he was discriminated against because he is an attorney. The referee concluded that the appellant failed to sustain his burden of proving that he was terminated because he was an attorney or because he failed to occupy a supervisory position. The referee found the evidence overwhelmingly established that appellant did not, could not, or would not comply with instructions to write the “conclusions” section of his decisions in conformity with rules laid down by the appeals director and this conduct constituted refusal to follow instructions.
La.Const. art. X § 8(B) provides:
(B) Discrimination. No classified employee shall be discriminated against because of his political or religious beliefs, sex, or race ... (emphasis added) Civil Service Rule 1.14.1
“Discrimination” means consideration of religious or political beliefs, sex, race, or any other non-merit factors, (emphasis added)
The burden of proof on appeal, as to the facts, is on the employee. The employee must prove he was discriminated against by a preponderance of the evidence which means evidence of a greater weight or more convincing than offered by opposition thereto. Jones v. Department of Health & Human Resources, 430 So.2d 1203, 1206 (La.App. 1st Cir.1983). It is well established that findings of fact made by the Civil Service Commission are accorded much weight and will not be overturned in the absence of manifest error. Taylor v. Department of Health and Human Resources, 491 So.2d 752 (La.App. 1st Cir. 1986).
We find that the appellant has not carried his burden of proof in showing that he was discriminated against by the DHHR for non-merit reasons. Accordingly, we affirm the decision at appellant’s cost.
AFFIRMED.