625 So.2d 713 (1993)
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
v.
Alvin L. THORNTON, Jr.
No. 92 CA 1718.
Court of Appeal of Louisiana, First Circuit.
October 15, 1993.
*714 Roxie Goynes-Clark, Dept. of Public Safety & Corr., Baton Rouge, for Department of Public Safety and Corrections.
Tom Withers, Withers & Withers, Baton Rouge, for Alvin L. Thornton, Jr.
Robert R. Boland, Jr., Civil Service Gen. Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall, Director, Dept. of State Civil Service.
Before WATKINS, SHORTESS and FOGG, JJ.
SHORTESS, Judge.
This appeal arises from a decision of the Civil Service Commission (Commission) rendered in favor of Alvin J. Thornton (defendant) ordering his reinstatement as a Corrections Officer, with permanent status, back pay, and attorney fees.

FACTS
Defendant was a probational employee of the Department of Public Safety and Corrections, Dixon Correctional Institute, (DPS) and was terminated from his position as a Corrections Cadet on April 29, 1991. The reason given for his termination was that his work performance was below the high standards set for correctional officers in Corrections Services. Defendant appealed to the Commission alleging his termination was based on racial and/or non-merit factor discrimination. DPS filed a Request for Summary Disposition of the appeal on the grounds that defendant was a probational employee and had no right to appeal his removal, and the allegations of discrimination failed to comply with the requirements of Civil Service Rule 13.11(d).[1] Thereafter, in response to a Carter,[2] order, defendant filed an amendment to the appeal in an attempt to cure the defects cited in the Request for Summary Disposition.
At the outset of the hearing, DPS again moved for summary disposition of the appeal, which was denied. Following a full hearing on the merits, the referee rendered a decision in defendant's favor. The Commission denied DPS's application for review, making the referee's decision the final decision of the Commission. On appeal, DPS contends the referee erred in (1) denying its motion for summary disposition; (2) admitting evidence outside the scope of defendant's appeal and pleadings; (3) concluding defendant bore his *715 burden of proof; and (4) reinstating defendant with permanent status. DPS also contends the referee's findings of fact and law are arbitrary, capricious, and manifestly erroneous.

SUMMARY DISPOSITION
DPS contends the Commission erred in denying its motion for summary disposition, claiming defendant failed to allege discrimination in specific detail as required by Civil Service Rule 13.11(d). The record reveals that defendant's original request for appeal alleged, generally, that his removal was based on racial and other non-merit-factor discrimination. However, defendant subsequently amended his appeal and alleged a chain of events which began in December, 1990, when he complained to his supervisor, Lieutenant Wayne Bellue (Bellue), about the mistreatment of a black inmate by a white corrections officer and the white officer's continuous use of racial slurs. Instead of addressing defendant's complaint, Bellue began to question defendant about his feelings for political candidate David Duke and whether he would vote for Duke in the upcoming election. When defendant told Bellue that he would not vote for Duke and that he did not like Duke, Bellue became upset and told defendant he did not like the way defendant spoke of Duke. Subsequently, Bellue limited his conversations with defendant and appeared to remain aggravated. The amendment to the appeal further alleges that on December 31, 1990, Bellue approached defendant and falsely accused him of sleeping while on duty and falsely issued a "DR-1," a disciplinary report. Defendant contended the false DR-1 was politically motivated and ultimately resulted in his termination.
The referee found that defendant had adequately pleaded facts which, if proven, could establish a prima facie case of prohibited discrimination and/or violations of Civil Service Rule 9.1(e).[3] In light of the above, we agree. The Commission did not err in denying the request for summary disposition.

FINDINGS OF FACT AND CONCLUSIONS OF LAW
DPS contends the referee's findings of fact and conclusions of law are arbitrary, capricious, and manifestly erroneous. Specifically, DPS asserts the referee erred in concluding defendant bore his burden of proving that his political beliefs and other non-merit factors led to his termination. Accordingly, DPS contends the decision of the Commission should be overturned.
The scope of review in Civil Service cases is the same as that in any other civil case. Great weight should be given to factual determinations of the Commission or a referee, and should not be reversed unless clearly wrong or manifestly erroneous. Marcantel v. Department of Transp. & Dev., 590 So.2d 1253 (La.App. 1st Cir.1991). The referee made 21 findings of fact and concluded defendant sustained his burden of proving discrimination. After a thorough review of the record, we find no manifest error on the part of the referee as to her factual findings. However, we pretermit any discussion as to whether defendant carried his burden of proving political discrimination because we find the appointing authority violated Civil Service Rule 9.1(e).
A probationary employee may be removed for any reason so long as the reason is expressed to the Director in writing. Civil Service Rule 9.1(e). However, the dismissal must be based on the results of the examination process and the reasons stated for the dismissal must be the true and real reasons. Department of Culture, Recreation & Tourism v. Peak, 423 So.2d 718 (La.App. 1st Cir.1982). In a memorandum dated April 26, 1991, Warden Burl Cain cited failure to meet "the expected requirements of a Corrections Sergeant" "[d]uring the extension of Cadet *716 Thornton's probationary period"[4] as his reasons for requesting defendant's removal. However, the evidence presented at the hearing establishes that all information about defendant's performance originated from Bellue, who supervised him only from late August 1990 until the latter part of January 1991. No input was solicited from defendant's immediate supervisors regarding his performance during the extended probationary period (i.e., January 30, 1991, to April 29, 1991). Accordingly, the referee found that the reasons cited to the appointing authority for defendant's removal were without basis in fact. After carefully reviewing the record, we cannot say that the referee's conclusion, that the reasons cited by the appointing authority for defendant's dismissal were not based on the results of the examination process and were not the true and real reasons for defendant's dismissal, was legally erroneous. Specifically, the referee said:
The Referee is unable to determine what the real reasons for appellant's removal were; however, the evidence presented at the hearing establishes that the reason cited to the appointing authority on April 26, 1991, is without basis in fact.
Additionally, if appellant's performance during the first six months of his probationary period was "below the high standards set for corrections officers," the Referee is unable to reconcile such substandard performance with the actions of his supervisors and the administrative officers at the facility in recommending only a suspension when appellant was charged with sleeping while on duty and in maintaining support of such recommendation under questioning by the Deputy Secretary and his subsequent reversal of the recommendation. Based on the evidence presented by appellant and on appellee's failure to contradict such evidence or explain its actions, the Referee concludes that appellant has borne his burden of proof.
Therefore, we find the appointing authority violated Civil Service Rule 9.1(e) in terminating defendant's employment.

REINSTATEMENT WITH PERMANENT STATUS
DPS contends the Commission erred in reinstating defendant with permanent status. However, the Commission, upon modification or reversal of a disciplinary action, can reinstate an appellant to his position, order back pay, restore benefits and the emoluments of office, and can grant attorney fees. Greenleaf v. DHH, 594 So.2d 418 (La.App. 1st Cir.1991), writ denied, 596 So.2d 196 (La.1992). Accordingly, we find this assignment of error to be without merit.
For these reasons, the decision of the Civil Service Commission is affirmed.
AFFIRMED.
NOTES
[1] Civil Service Rule 13.11 provides in pertinent part:

A notice of appeal must ...
(d) Contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal. Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail. The specific facts required will vary depending on the nature of the appeal; however, the facts must be alleged in sufficient detail to enable the agency to prepare a defense. A conclusion of discrimination is not sufficient. The types of facts which must be included are:
1. the date, time and place the discriminatory action took place;
2. the name of the person or agency alleged to have taken the discriminatory action;
3. a description of how appellant's action, conduct or performance was the same as that of other persons who were treated differently;
4. the names of other persons treated differently and the dates the different treatment occurred;
5. a description of events, including the dates and circumstances thereof, which led appellant to believe that the adverse decision was based on his religious or political beliefs, sex, race, or any other non-merit factor.
[2] See Carter v. Department of Revenue & Taxation, 563 So.2d 920 (La.App. 1st Cir.1990), where this court, citing Rocque v. Department of Health & Human Resources, 505 So.2d 726 (La.1987), held that a Civil Service appeal cannot be dismissed for noncompliance with Rule 13.11(d).
[3] Civil Service Rule 9.1(e), prior to its August 5, 1992, amendment, provided:

(e) A probationary employee may be removed by the appointing authority at any time, provided that the appointing authority shall furnish the Director reasons therefor in writing.
[4] The record reveals defendant's probationary period was extended three months at the recommendation of Bellue.