JAVATKINS, Judge.
This is an appeal from a decision of the State Civil Service Commission (Commission) upholding the dismissal of Lloyd W. Truax from his position as probationary corrections officer for failing to meet the standards required of his position.
By letter dated September 15, 1992, Mr. Truax was advised that pursuant to Civil Service Rule 9.1(e), he was being separated from his position effective September 21, 1992, because his work performance fell below acceptable standards. Mr. Truax appealed his dismissal pursuant to Civil Service Rule 13.10(c) alleging violation of Civil Service Rules.
The parties stipulated to the following facts: Mr. Truax previously worked for the State of Louisiana for nearly 12 years. After a short absence from public service, he was rehired and was credited with his prior accumulated annual and sick leave. After he was re-hired, Mr. Truax accumulated 92 hours compensatory time by working in excess of his regularly scheduled 12-hour shift.
During his probationary period, he used 68 hours of approved annual leave, 52 hours of approved sick leave (for an on-the-job injury), and 56 hours of compensatory time.
It was further stipulated that in August and September of 1992, Dixon Correctional Institute Warden Burl Cain recognized he had budget problems. He decided to remove probational employees who had poor attendance, regardless of the reasons for the absences or the level of work performance when present for duty. He removed Mr. Truax and five other probational employees in order to reduce overtime pay costs. Warden Cain stated that the sole basis for terminating Mr. Truax was his attendance record. He further testified that Mr. Truax was a good employee and stipulated that Mr. Truax was never disciplined and never received any counseling letters, warnings, reprimands, or cautions for any reason.
laOn appeal, Mr. Truax alleges that his removal was not based upon a valid review and evaluation of his work performance in violation of Civil Service rule 9.1(a) and (e), which provide as follows:
9.1 Probationary Period
(a) Probationary periods of no less than six months or more than twelve months shall be served by employees following appointments to:
* * * * * *
3. Non-competitive re-employments based on prior service, except as provided in Rules 17.26 and 9.3.
The probationary period shall be an essential part of the examination process and shall be used for the most effective adjustment of a new employee and for the elimination of any probationary employee whose performance does not meet the required standard of work.
* * * * * *
(e) A probationary employee may be separated by the appointing authority at any time, provided that the appointing authority shall furnish the Director reasons therefor in writing.
The stated reason for the plaintiffs removal was work performance below acceptable standards. The true reason for plaintiffs removal, as testified to by Warden Burl Cain, was financial cutbacks which forced him to remove probational employees.
*1391 It is well settled that under the civil service rules a probationary employee may be removed by the appointing authority at any time provided that the appointing authority furnishes the Director reasons therefore in writing. Civil Service Rule 9.1(e)[1] King v. Dept. of H.H.R., 506 So.2d 832 (La.App. 1 Cir.1987).
According to Civil Service Rule 13.10(c), an appeal may be made to the Commission by “[a]ny person in the Classified Service who alleges that he has been deprived of any right, discriminated against, or adversely affected by the violation of any provision of the Article or of any Rule of this commission.”
The Louisiana Constitution Article 10 § 8 provides for appeals of classified civil service employees as follows:
§ 8 Appeals
Section 8. (A) Disciplinary Actions. No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing. A classified employee subjected to such disciplinary action shall have the right of appeal to the appropriate commission ... The burden of proof on appeal, as to the facts, shall be on the appointing authority.
(B) Discrimination. No classified employee shall be discriminated against because of his political or religious beliefs, sex, or race. A classified employee so discriminated against shall have the right of appeal to the appropriate commission ... The burden of proof on appeal, as to the facts, shall be on the employee.
While it is true that the appointing authority herein did not give the true reason for the dismissal of Mr. Truax, we do not believe that is sufficient reason to justify his reinstatement where a legitimate, non-discriminatory reason existed for his dismissal.[2] After reviewing the jurisprudence and civil service rules, we believe that Civil Service Rule 9.1(e) must be read in pari materia with other civil service rules as well as the constitutional provisions regarding | sdassified employees. First, a probational employee has no property right in retaining his position and can be removed for any non-discriminatory reason. Second, the Louisiana Constitution Article 10 § 8(B) appears to give a probationary employee the right to appeal only when he has been discriminated against because of his “political or religious beliefs, sex or race.” Accordingly, we believe that Mr. Truax was required to establish some discriminatory reason for his removal to be entitled to reinstatement. Discrimination as defined by the civil service rules means “consideration of religious or political beliefs, sex, race, or any other non-merit factors.” In the instant case a valid, non-discriminatory reason was the basis for the removal of the plaintiff. Thus, we have what appears to be a good faith technical failure to follow the rules.[3]
*1392 The supreme court decision of Sanders v. Department of Health & Human Resources, 388 So.2d 768 (La.1980), makes it clear that not every rule violation rises to the level of a due process violation.[4] In Sanders the court concluded that compliance with Civil Service Rule 12.3(a)(3), requiring the appointing authority to furnish the director a copy of the statement of reasons for removal of a permanent employee, was not mandatory in all circumstances. The court held:
IsCivil service rules have the effect of law, La. Const, art. 10, § 10(A)(4), and are construed according to the rules of interpretation relative to legislation in general. Statutes may be classified generally as either mandatory or directory. If mandatory, they prescribe, in addition to requiring the doing of the thing specified, the result that will follow if they are not done, whereas, if directory, their terms are limited to what is required to be done. Generally, statutory provisions that do not relate to the essence of the thing to be done, and as to which compliance is a matter of convenience rather than substance, are directory, while provisions which relate to the essence of the thing to be done, that is, matters of substance, are mandatory. Black’s Law Dictionary 414 (5th ed. 1979).
... Whether procedural requirements such as those set forth in the rule are mandatory cannot be determined by a mere literal reading of the law but can only be determined by ascertaining the intent of the drafters. If a requirement is so essential to the statutory plan that the legislative intent would be frustrated by non-compliance, then it is mandatory. Statutes that, for guidance of'governmental official’s discharge of duties, propose to secure order, system and dispatch in proceedings are usually construed as directory, whether or not worded in the imperative, especially when the alternative is harshness or absurdity. The word “shall” may be given merely directory meaning in cases involving prospective action of government officials if the law’s purpose is the protection of the government by guidance of its officials rather that the granting of rights to private citizens affected. A significant consideration in determining whether a statutory requirement should be given mandatory or directory effect is a comparison of the results to which each such construction would lead.
Id. at 770-771. (Citations omitted.)
The purpose of the civil service rules was also succinctly set forth by the court in Sanders as follows:
The provisions of the state constitution involving the Civil Service, La.Coast. art. 10 § 1, et seq., and the rules of the Commission are designed to secure adequate protection to public career employees from political discrimination. They embrace the merit system, and their intent is to preclude favoritism. The purpose of the civil service rules is to guarantee the security and welfare of public service.
Id. at 771.
The civil service rules make no provision for the result that would follow in the event of failure to comply with Rule 9.1(e). Furthermore, the fact that the probationary employee has no property right in his position and can be removed ^without cause also makes Rule 9.1(e) appear to be directory. In the instant case the appointing authority complied with the letter of Rule 9.1(e) by providing the Director with written reasons for the removal of the plaintiff from his probationary position. Because the actual reason for the plaintiffs removal was valid and was not based upon discriminatory factors, we do not believe that his due process rights were violated.
“Due process is a flexible standard which requires such procedural safeguards as a particular situation demands. Since due process is not a technical concept with a fixed content unrelated to time, place and circumstances, precisely what process is due in a given case is dependent upon the peculiar *1393 facts involved.” Brown v. Housing Authority of New Orleans, 590 So.2d 1258, 1260 (La.App. 1st Cir.1991).
We further believe that the failure of the appointing authority to give the true and real reasons in this case does not thwart the purposes of the civil service rules.
Although we are convinced that the result reached by the Civil Service Commission referee is not erroneous, nevertheless for equitable reasons, we find it necessary to remand for the purpose of having the letter of September 15, 1992, from Secretary Richard L. Stadler corrected to delete the stated reason for separation as appellant’s poor work performance, and to state the reason for separation as budget problems causing the removal of probational employees. In all other respects, we affirm the judgment of the referee. Costs are to be paid by appellant.
AFFIRMED IN PART, AND REMANDED WITH ORDER.
SHORTESS, J., dissents with reasons.

. We note that the civil service rules provide that permanent employees are entitled to detailed reasons for removal or disciplinary action while probationary employees are apparently entitled to no reasons. Civil Service Rule 12.7 provides that ”[n]o permanent employee may be removed or subjected to any disciplinary action, other than an emergency suspension, until he has been given oral or written notice of the proposed action and the reasons therefor, a description of the evidence supporting the proposed action and a reasonable opportunity to respond thereto.” See also Civil Service Rule 12.8.

. This court addressed a similar civil service rule violation in Department of Public Safety & Corr. v. Thornton, 625 So.2d 713 (La.App. 1st Cir.1993) wherein it affirmed the reinstatement of a probational employee based upon a violation of Civil Service Rule 9.1(e) because the reasons cited by the 'appointing authority for the employee's dismissal were not based on the results of the examination process and were not the true and real reasons for defendant’s dismissal. The cited reasons for the employee’s dismissal were failure to meet the “expected requirements of a Corrections Sergeant.” In reality the reasons for his dismissal were based on racial and other non-merit factors. For this reason we find the instant case distinguishable from Thornton.

. We note that perhaps the use of Rule 9.1(e) for the removal of the probational employees was a simpler method than those provided for the layoff of probational employees in Rule 17.14.1 which provides as follows:
When an appointing authority determines that it is necessary to reduce force by the layoff of probational employees only, he shall notify the Director by submission of the applicable Standard Form(s) 1 prior to the effective date of the layoff.

. See also Broussard v. Department of Corrections, Etc., 405 So.2d 1219 (La.App. 1st Cir.1981) wherein the discharge of a permanent employee was not invalid due to violation of Rule 12.10(a) requiring the appointing authority to certify to the director that the interest of the civil service required that duties of the positions be carried on without further interruption and violation of Rule 12.3 requiring the giving of notice of employee's right to appeal.