hSHORTESS, Judge,
dissenting.
Truax was fired from his position as a probationary corrections officer for failing to meet the standards required of his position, even though the person who fired him admitted this was not the real reason and this reason had absolutely no basis in truth or in fact.
Truax never missed a day of work which was not earned and authorized, nor did his supervisors ever complain of problems due to his absence. Contrary to the asserted reason that Truax did not meet the Department’s performance standards, the testimony and documentary evidence were undisputed that his performance was good, that he was recommended for permanent status by his supervisors, and that he received a performance-based merit increase one month before he was terminated. Dixon Correctional Institute Warden Burl Cain testified at the administrative hearing that Truax’s direct supervisors were never consulted about his work performance and that the sole basis for terminating Truax was his attendance record. He farther testified that Truax was a good employee, and was never disciplined, counseled, warned, reprimanded, or cautioned for any reason.
Unlike permanent employees who can be terminated only for good cause, a probationary-status employee may be terminated at any time and for virtually any reason. However, in Department of Public Safety & Corr. v. Thornton, 625 So.2d 713 (La.App. 1st Cir. 1993), this court held that dismissal pursuant to Louisiana Civil Service Commission Rule 9.1(e) must be based on the results of the examination process and must be for true and real reasons. Thornton, 625 So.2d at |2716. The employee has a right to appeal.[1] Thus, a probationary-status employee, while not to the same extent as a permanent employee, still is accorded some basic procedural due process protection.
The purpose of providing due process is to assure an individual a fair procedure to determine the basis for, and the legality of, action by the government or an agency against an individual. See Bell v. Department of Health & Human Resources, 483 So.2d 945, 950 (La.1986). The integrity of the system is completely compromised and the concept of a “fair” procedure undermined if the government agency is allowed to change the reason for termination after the reason given in the discharge letter is successfully refuted.
An employee cannot effectively defend against the reason asserted for termination when the reason keeps changing. There is no need to require a reason if the agency can assert a reason which is not correct, then assert a new and different reason at any given time.
As a probationary employee, Truax could have been terminated for budgetary reasons. *1394 The referee committed legal error by upholding a termination based on a reason not articulated in the discharge letter. I would reverse and reinstate Truax with permanent status, back pay, all prior benefits and emoluments, and attorney fees.
I respectfully dissent.

. Chapter 13 of the Civil Service Rules prescribes who may appeal, the basis for an appeal, and the procedure for appeal.