## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-318

**LLOYD DWAYNE REEVES, ET AL.**

**VERSUS**

**ENVIRONMENTAL RESPONSE SERVICES, INC.**

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2009-4888
HONORABLE RONALD F. WARE, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Kenneth Michael Wright**
**203 West Clarence Street**
**Lake Charles, LA   70601**
**(337) 439-6930**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Lloyd Dwayne Reeves**
    **Ross Stevens**

**Thomas J. Gayle**
**Gayle Law Firm**
**Post Office Box 3190**
**Lake Charles, LA   70602**
**(337) 494-1220**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Lloyd Dwayne Reeves**
    **Ross Stevens**

**Robert A. Mahtook, Jr.**
**Mahtook & LaFleur, L.L.C.**
**Post Office Box 3605**
**Lafayette, LA   70502-3605**
**(337) 266-2189**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Environmental Response Services, Inc.**

**AMY, Judge.**

The plaintiffs in this class action filed suit, alleging that they had suffered personal injuries and property damage as a result of driving through used motor oil which was accidentally released onto Louisiana Highway 27 by the defendant. After a hearing, the trial court denied the plaintiffs' motion for class certification, finding that the plaintiffs had not satisfied the numerosity requirement. The plaintiffs appeal. For the following reasons, we affirm.

### Factual and Procedural Background

According to the record, on May 15, 2009, a vacuum truck owned and operated by the defendant, Environmental Response Services, Inc., was traveling between Singer and DeQuincy on Louisiana Highway 27. After a valve malfunctioned, the vacuum truck spilled, according to the police report, between three hundred and five hundred gallons of used motor oil along a stretch of Highway 27. When the vacuum truck entered DeQuincy, a law enforcement officer noticed the leak and pulled the truck over. The record indicates that a portion of Highway 27 was closed within fifteen minutes after the vacuum truck was stopped. The defendant, along with the DeQuincy Fire Department, cleaned up the spill in DeQuincy, and a Louisiana Department of Transportation and Development (DOTD) road crew spread sand over five miles of Highway 27.

This action was brought by the putative class representatives, Lloyd Dwayne Reeves and Ross Stevens, seeking to represent all persons who drove on Highway 27, were exposed to the spill, and suffered either property damage or bodily injury as a result. Mr. Reeves and Mr. Stevens alleged that they had suffered damages as a result of driving through the spilled motor oil. Specifically, they contend that they experienced headaches and/or nausea due to inhalation exposure and that their vehicles and livestock were contaminated as a result of the oil.

The plaintiffs subsequently filed a motion for class certification and discovery was conducted. At the hearing on the motion for class certification, the defendant argued that the narrow window of time between the beginning of the spill and when the authorities closed the highway, as well as clean-up efforts by DOTD and the defendant, indicated that it was unlikely that there would be a sufficiently large group of potential claimants to satisfy the numerosity requirement of La.Code Civ.P. art. 591. After considering the evidence, the trial court found that there was not sufficient numerosity to warrant certifying this suit as a class action and denied the plaintiffs' motion for class certification.

The plaintiffs appeal, asserting that the trial court "erred in failing to certify the proposed class action based on the evidence presented at the certification hearing."

**Discussion**

*Standard of Review*

When reviewing a trial court's ruling on a motion for class certification, the appellate court should review the trial court's findings of fact under the manifest error standard of review. *Brooks v. Union Pac. R.R. Co.*, 08-2035 (La. 5/22/09), 13 So.3d 546. However, the trial court's ultimate determination of whether or not to certify the class is subject to the abuse of discretion standard of review. *Id.*[1]

*Certification of Class Actions*

The intent of the class action is "to adjudicate and obtain res judicata effect on

---

[1] We note that the plaintiffs contend that the trial court made no findings of fact and that this court should therefore review the trial court's ruling on class certification under the de novo standard. In support of this contention, they point to *Fogleman v. Meaux Surface Protection, Inc.*, 10-1210 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, *writ denied*, 11-712 (La. 5/27/11), 63 So.3d 995. However, *Fogleman* concerns the review of exceptions of res judicata where the trial court did not receive evidence from both parties. *Id.* Even assuming that the trial court in this case made no factual findings, we find no merit in the plaintiffs' contention. As the *Fogleman* court correctly points out, the res judicata effect of a prior judgment is a question of law which is subject to the de novo standard of review. *Id.* That is not the case with rulings on class certification, which are subject to the abuse of discretion standard of review. *Brooks*, 13 So.3d 546. *See also Husband v. Tenet Health Systems Mem'l Med. Ctr., Inc.*, 08-1527 (La.App. 4 Cir. 8/12/09), 16 So.3d 1220, *writ denied*, 09-2163 (La. 12/18/09), 23 So.3d 949.

all common issues applicable not only to persons who bring the action, but also to all others who are 'similarly situated.'" *Dupree v. Lafayette Ins. Co.*, 09-2602, p. 6 (La. 11/30/10), 51 So.3d 673, 679 (quoting *Brooks*, 13 So.3d at 554). The requirements for certification of a class action are found in La.Code Civ.P. art. 591. Accordingly, the proposed class action must meet all of the requirements of Article 591(A), which states:

> (1) The class is so numerous that joinder of all members is impracticable.
>
> (2) There are questions of law or fact common to the class.
>
> (3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.
>
> (4) The representative parties will fairly and adequately protect the interests of the class.
>
> (5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.

Further, the proposed class action must meet at least one of the requirements of Article 591(B), which states, as relevant herein:

> (3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to these findings include:
>
> > (a) The interest of the members of the class in individually controlling the prosecution or defense of separate actions;
> >
> > (b) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
> >
> > (c) The desirability or undesirability of concentrating the litigation in the particular forum;
> >
> > (d) The difficulties likely to be encountered in the management of a class action;

(e) The practical ability of individual class members to pursue their claims without class certification;

(f) The extent to which the relief plausibly demanded on behalf of or against the class, including the vindication of such public policies or legal rights as may be implicated, justifies the costs and burdens of class litigation[.]

The party seeking class certification is responsible for demonstrating that the requirements of La.Code Civ.P. art. 591 have been met. *Price v. Martin*, 11-853 (La. 12/6/11), 79 So.3d 960. Generally, the court should err on the side of granting class certification, because the class is always subject to modification or decertification. *Id.* However, "that general rule cannot and should not be used as a substitute for the rigorous analysis required to determine whether the prerequisites of Louisiana's class action provisions have *in fact* been satisfied." *Id.* at 967.

*Numerosity Requirement*

At the hearing on the motion for class certification, the trial court expressed concern that the plaintiffs had not met the numerosity requirement of La.Code Civ.P. art. 591(A)(1). The transcript of the hearing indicates that the trial court heard extensive argument on that issue from counsel. Ultimately, the trial court declined to certify the class, stating:

I'm not going to certify this class based on the numerosity questions that I have and the nature of the claims. . . . .

And it just comes down to I just -- I'm not convinced that there's sufficient numerosity that would make it impractical for persons who have a legitimate claim to pursue their claims individually or by way of some form of joinder, but not by a class action.

. . . .

. . . . I just don't think there are enough claims here to satisfy the numerosity element. And I'm not going to certify the class.

In order to proceed as a class action, the parties seeking class certification must prove that "[t]he class is so numerous that joinder of all members is impracticable."

4

La.Code Civ.P. art. 591(A)(1). In *Mathews v. Hixson Bros., Inc.*, 02-124, p. 6 (La.App. 3 Cir. 7/31/02), 831 So.2d 995, 1000, *writs denied*, 02-2286, 02-2305 (La. 12/13/02), 831 So.2d 984, a panel of this court discussed the numerosity requirement, stating:

> Generally, a class action is appropriate when the interested parties appear to be so numerous that separate suits would unduly burden the courts. *Cotton v. Gaylord Container*, 96-1958 (La.App. 1 Cir. 3/27/97); 691 So.2d 760, *writs denied*, 97-800, 97-830 (La. 4/8/97); 693 So.2d 147. "Numerosity is not shown by mere allegations of a large number of potential claimants. The burden is on the plaintiff-mover to make a prima facie showing that a definable group of aggrieved persons exist[s], and that the class is so numerous that joinder is impractical. Conclusory allegations are not sufficient." *Johnson*, 790 So.2d at 741. However, "no set number of plaintiffs is required in order to fulfill this requirement. In fact, difficulty in identifying the claimants is one of the factors that make joinder impracticable and a class action appropriate." *Id.* (citing *Dumas v. Angus Chemical Co.*, 25,632 (La.App. 2 Cir. 3/30/94); 635 So.2d 446, *writ denied*, 94-1120 (La. 6/24/94); 640 So.2d 1394).

At the hearing on class certification, the plaintiffs contended that the length of the spill was between five and fifteen miles. In support of this, they tendered the deposition testimony of Mr. Reeves that he drove through the oil for fourteen or fifteen miles before being diverted by law enforcement. They additionally point to variations in the length of the spill from five to fifteen miles in reports from the Louisiana State Police (LSP) and the Louisiana Department of Environmental Quality (DEQ), and a letter from the defendant to DEQ concerning cleanup of the spill. The plaintiffs also submitted into evidence the annual average daily traffic count between DeQuincy and Singer, as measured by DOTD. For 2007 and 2010, those numbers were 5,052 and 5,330.

Noting that DOTD only applied sand to five miles of the alleged fifteen miles of spill on Highway 27, the plaintiffs contend that between two hundred and three hundred people traveled the affected area before the spill was remediated. Further, the plaintiffs argue that, even after the spill was remediated, several thousand people

could have been exposed to the spilled motor oil in any area of the spill that may not have been cleaned. Plaintiffs' counsel also represented that he knew of at least four other potential claimants.

In rebuttal, the defendant contends that the objective reports filed by LSP and DEQ are more reliable concerning the length of the spill than the testimony of the plaintiffs. In particular, the defendant points to the LSP report stating that "DOTD has applied sand and absorbent to the length of the spill which is LA 27 from Dequincy extending five miles north of Dequincy[.]" The defendant also notes that a majority of the used motor oil was spilled at the intersection where the vacuum truck was stopped by law enforcement. Additionally, the defendant contests the plaintiffs' argument that numerous potential claimants could have driven over the spilled motor oil, observing that the affected portion of Highway 27 was shut down within fourteen minutes after discovery of the leak.

Having been presented with two competing theories of the evidence, the trial court necessarily had to make a finding concerning the number of potential claimants. The trial court accepted the defendant's argument, noting that it was unlikely that there would be a large number of potential claimants given the short period of time between the occurrence of the leak and the shutdown of the highway. The trial court also observed that it was possible for the potential claimants "to pursue their claims individually or by way of some form of joinder." Given the evidence in the record, we find no error in the trial court's finding that the plaintiffs did not satisfy the numerosity requirement of La.Code Civ.P. art. 591(A)(1).

We also observe that the plaintiffs complain that the trial court inappropriately determined that the damages in this case were not large enough to warrant a class action. The plaintiffs correctly note that modest damage claims can weigh in favor of the certification of the class. *See Doerr v. Mobil Oil Corp.*, 01-775 (La.App. 4 Cir.

2/27/02), 811 So.2d 1135, *writs denied*, 02-920, 02-938 (La. 5/31/02), 815 So.2d 105, 106. The record indicates that the trial court stated that it was appropriate to consider damages for the purposes of determining numerosity and expressed concerns that he was unsure how the plaintiffs would prove their decontamination claims more than two years after the event. The trial court also acknowledged that modest claims might affect whether potential claimants have "the means or desire or the motivation or the ability to prosecute" those claims.

In making a decision concerning class certification, the trial court may not review the claims in the case for substantive merit. *Duhe v. Texaco, Inc.*, 99-2002 (La.App. 3 Cir. 2/7/01), 779 So.2d 1070, *writ denied*, 01-637 (La. 4/27/01), 791 So.2d 637.[2] However, the party seeking class certification must do more than merely allege that a large number of claimants exists. *Id.* We find nothing inappropriate in the trial court's comments concerning the amount of the plaintiffs' potential damages. A multitude of small claims can weigh in favor of the party seeking class certification, specifically with regard to the impracticability component of the numerosity requirement and the "practical ability of individual class members to pursue their claims without class certification" factor of La.Code Civ.P. art. 591(B)(3)(e). *See Doerr*, 811 So.2d 1135. Further, given the trial court's conclusion that there was an insufficient number of claims to satisfy the numerosity element of Article 591(A)(1), the trial court's concerns about the plaintiffs' ability to prove their damages amounts to harmless error, at most. "A court is prohibited from reversing a harmless error."

---

[2] The defendant points this court to *Hampton v. Illinois Cent. R.R. Co.*, 98-430 to 98-435 (La.App. 1 Cir. 4/1/99), 730 So.2d 1091, for the proposition that the trial court may examine whether there is a causal link between the alleged wrongdoing and damages. *See also Boyd v. Allied Signal, Inc.*, 03-1840 to 03-1843 (La.App. 1 Cir. 12/30/04), 898 So.2d 450, *writ denied*, 05-191 (La. 4/1/05), 897 So.2d 606. However, in *Rapp v. Iberia Parish Sch. Bd.*, 05-833 (La.App. 3 Cir. 3/1/06), 926 So.2d 30, *writ denied*, 06-1331 (La. 9/22/06), 937 So.2d 386 and *West v. G & H Seed Co.*, 01-1453 (La.App. 3 Cir. 8/28/02), 832 So.2d 274, this court has expressed serious reservations about first circuit's interpretation of La.Code Civ.P. art. 591 to include a "so-called plausibility requirement." *Rapp*, 926 So.2d at 35.

*Reider v. State ex rel. La. Bd. Of Trustees for State Colls. & Univs. ex rel. McNeese State Univ.*, 04-1403, pp. 9-10 (La.App. 3 Cir. 3/9/05), 897 So.2d 893, 899 (quoting *Preatto v. Tidewater Marine, Inc.*, 00-624, p. 11 (La.App. 4 Cir. 2/6/02), 809 So.2d 1084, 1091, *writ denied*, 02-678 (La. 5/3/02), 815 So.2d 822), *writ denied*, 05-938 (La. 5/20/05), 902 So.2d 1056.

Accordingly, the plaintiffs failed to prove one of the requirements of Article 591(A)(1), and we find no abuse of discretion in the trial court's ruling denying the motion for class certification.

## DECREE

For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are allocated to the plaintiffs, Lloyd Dwayne Reeves and Ross Stevens.

**AFFIRMED.**