# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 24-310


**THOMAS L. GLOVER**

**VERSUS**

**LAFAYETTE CONSOLIDATED GOVERNMENT AND**

**LAFAYETTE MUNICIPAL FIRE AND**

**POLICE SERVICE BOARD**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2022-2314
HONORABLE MICHELE S. BILLEAUD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**GUY E. BRADBERRY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Guy E. Bradberry, and Wilbur L. Stiles, Judges.


**APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY WRIT;**
**WRIT GRANTED; RELIEF DENIED; JUDGMENT AFFIRMED.**

**M. Candice Hattan**
**P.O. Drawer 91850**
**Lafayette, LA 70509**
**(337) 234-0431**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **Lafayette Municipal Fire and Police Civil Service Board**

**J. Arthur Smith, III**
**Smith Law Firm**
**830 North Street**
**Baton Rouge, LA 70802**
**(225) 383-7716**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
        **Thomas L. Glover**

**Michael D. Hebert**
**James P. Doherty, III**
**Becker & Hebert, LLC**
**201 Rue Beauregard**
**Lafayette, LA 70508**
**(337) 233-1987**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **Lafayette Consolidated Government**

**BRADBERRY, Judge.**

Thomas Glover was terminated as the Lafayette Chief of Police. He now appeals a decision by the district court affirming the Lafayette Fire and Police Civil Service Board's decision upholding the termination of his employment. For the reasons that follow, we affirm the decision of the district court.

## FACTS

Mr. Glover was appointed chief of police on December 31, 2020. He was terminated on October 7, 2021. He appealed his termination to the Lafayette Fire and Police Civil Service Board (the Board) which upheld the termination of his employment on March 9, 2022. Mr. Glover then filed an appeal of the Board's decision to the district court on May 3, 2022, naming the Board and the Lafayette Consolidated Government (LCG) as defendants. On January 3, 2024, the district court upheld the Board's decision. Mr. Glover then filed the present appeal.

## SUBJECT MATTER JURISDICTION

LCG filed a motion to dismiss Mr. Glover's appeal, stating that this court does not have jurisdiction over this appeal. It cites La.R.S. 33:2501(E)(1), which states:

> Any employee under classified service and any appointing authority may appeal from any decision of the board, or from any action taken by the board under the provisions of the Part that is prejudicial to the employee or appointing authority. This appeal shall lie direct to the court of original and unlimited jurisdiction in civil suits of the parish wherein the board is domiciled.

In *In re Scott*, 15-199 (La.App. 3 Cir. 10/7/15), 175 So.3d 1058, this court, citing *Miazza v. City of Mandeville*, 10-304 (La. 5/21/10), 34 So.3d 849, held that a court of appeal lacks jurisdiction when appellate jurisdiction has been vested in the district court. *See also Lafayette Consol. Gov't v. Robert*, 22-179 (La.App. 3 Cir. 11/2/22)(2022 WL 16631348)(unpublished opinion). The court in *In re Scott*

converted the matter to an application for supervisory writ, which Mr. Glover has requested us to do as he agrees that this court does not have appellate jurisdiction.

Pursuant to this court's supervisory authority in La.Const. art. 5, § 10, we convert the appeal to an application for supervisory writ.

## DISCUSSION

The issue in this case centers around whether civil service system law applies to Mr. Glover. Mr. Glover argues that La.R.S. 33:2417 is applicable, which would entitle him to civil service due process procedures before he was terminated as he was past the six-month working test period. LCG disagrees with Mr. Glover and argues that Mr. Glover is basing his claims on a provision outside of the Municipal Fire and Police Civil Service Law that applies to employees other than fire and police employees. LCG contends that La.R.S. 33:2495 is specifically applicable to Mr. Glover, and Mr. Glover was still an at-will employee when he was terminated because he was not past the twelve-month working test period. Consequently, LCG argues Mr. Glover was not entitled to any due process procedures.

"[A] probational employee has no property right in retaining his position and can be removed for any non-discriminatory reason." *Truax v. Dep't of Pub. Saf. and Corrs.*, 93-1574, p. 5 (La.App. 1 Cir. 6/27/94), 640 So.2d 1389, 1391; *Kling v. La. Dep't of Rev.*, 18-1480 (La.App. 1 Cir. 7/18/19), 281 So.3d 696, *writs denied*, 19-1434, 19-1441 (La. 11/5/19), 281 So.3d 671. "'Employment at will' applies even to government employees who are not protected by civil service provisions as well as to private industry employees." *Tolliver v. Concordia Waterworks Dist. No. 1*, 98-449, p. 4 (La.App. 3 Cir. 2/10/99), 735 So.2d 680, 682, *writ denied*, 99-1400 (La. 7/2/99), 747 So.2d 23.

Louisiana Revised Statutes 33:2417 provides in pertinent part: "The period of the working test shall commence immediately upon appointment and shall continue for the time, not less than six months nor more than one year[.]" It further provides that "[f]ailure by an appointing authority to give the ten days' notice to the director and a copy thereof to the employee shall have the same force and effect as a satisfactory report." Mr. Glover further argues that LCG Civil Service Rule VII, § 1.1 applies, which provides that the working test period is six months. Mr. Glover contends that he completed the six-month probationary period and was not given the ten-day notice as required by La.R.S. 33:2417. He argues he achieved permanent status and that his termination was flawed because he was entitled to full protection as a permanent civil service employee upon successful completion of the working test period.

On the other hand, La.R.S. 33:2495(A) provides that an employee is a probational employee "tested by a working test while occupying the position before he may be confirmed as a regular and permanent employee in the position." Louisiana Revised Statutes 33:2495(B)(1) provides that the working test period commences upon appointment for a period of not less than six months nor more than one year. The evidence and testimony at the Board hearing established that Mr. Glover had a one-year probationary period.

Louisiana Constitution Article 10, § 15 provides that a parish may establish a parish civil service system if the population is less than 400,000. However, it excludes paid firefighters and paid municipal police officers in parishes with a population exceeding 13,000 from such civil service system. Louisiana Constitution Article 10, Section 16 establishes a system of classified fire and police civil services and mandates its application in municipalities having a population exceeding 13,000

3

who operate a regularly paid fire and municipal police department. Both parties agree that the City of Lafayette's population exceeds 100,000.

Louisiana Revised Statutes 33:2391(B) found in Part I of Chapter 5 regarding civil service for cities with a population over 100,000 provides that: "This Part shall not apply to positions which are covered by Part II of this Chapter." Part II applies to fire and police civil service in municipalities between 13,000 and 250,000. Louisiana Revised Statutes 33:2495 is found in Part II.

We agree with LCG that La.R.S. 33:2417 is not applicable to Mr. Glover and that La.R.S. 33:2495 is applicable. Mr. Glover was still in the one-year probationary working test period when he was terminated. Therefore, he was not entitled to any of the same civil service protections as a permanent employee so he could be terminated at any time before the probationary period ended, even without cause. As noted by LCG in its brief, the only permissible basis for Mr. Glover's appeal is found in La.R.S. 33:2495(B)(3)(c), which provides:

> Any such probational employee in the classified police service appointed to a position of a competitive class who is rejected after having served a working test of six months but not more than one year may appeal to the board only upon the grounds that he has not been given a fair opportunity to prove his ability in the position.

The transcript hearing from the Board hearing indicates the Board found that Mr. Glover was given "a fair opportunity to prove his ability in the position" of chief of police for the City of Lafayette. We find no reason to overturn this finding. We, therefore, deny the relief requested by Mr. Glover and affirm the judgment of the district court. Costs are assessed to Thomas Glover.

**APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY WRIT; WRIT GRANTED; RELIEF DENIED; JUDGMENT AFFIRMED.**